# EXHIBIT

# A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>    Plaintiff,<br><br> v.<br><br>DONALD J. TRUMP, *et al*.,<br><br>    Defendants. | Case No.: 1:25-cv-03005 (JMC) |

## DISTRICT OF COLUMBIA's FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff hereby requests that Defendants Donald Trump, in his official capacity as President of the United States; the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service (collectively, DEFENDANTS), respond to these requests for production of documents, separately and under oath, and produce the documents requested on or by September 25, 2025.

## DEFINITIONS

1. "AND" and "OR" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any document or information that might otherwise be construed to be outside its scope.

2.      "AUGUST 11 PRESIDENTIAL MEMORANDUM" means the memorandum issued by the President on August 11, 2025, entitled, "Restoring Law and Order in the District of Columbia."

3.      "AUGUST 25 EXECUTIVE ORDER" means Executive Order No. 14339 issued by the President on August 25, 2025, entitled, "Additional Measures to Address the Crime Emergency in the District of Columbia."

4.      "ARREST" means use of legal authority to deprive a person of their freedom of movement.

5.      "COMMUNICATION" means the transmittal in any form—electronic, written, typed, spoken, or otherwise—of information, as well as any note, memorandum, or other record thereof.

6.      "DEFENDANTS" means Donald Trump, in his official capacity as President of the United States; the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service; and any and all employees, agents, representatives, attorneys, and any PERSON acting on their behalf.

7.      "DESCRIBE" means to provide a complete description AND explanation of the facts, circumstances, analysis, AND other information RELATING TO the subject matter of a specific interrogatory.

8.      "DETENTION" means a seizure of a PERSON that results from physical restraint, unequivocal verbal commands, or words or conduct that would result in a reasonable person believing that they are not free to leave or otherwise disregard the order.

9.      "DOCUMENT" means the original and all non-identical copies and drafts and shall have the broadest possible meaning permitted under Fed. R. Civ. P. 34(a).

10.    "FORCE" means any physical effort or restraint used to obtain or attempt to obtain physical control of a PERSON or their property (or effects).

11.    "IDENTIFY" means to state:

    a.  in the case of a natural PERSON, their name, business address AND telephone number, employer, AND title OR position;

    b.  in the case of a location, the address (including zip code) of that location;

    c.  in the case of a COMMUNICATION, its date, type (e.g. telephone conversation OR discussion), the place where it occurred, the identity of the PERSON who made the COMMUNICATION, the identity of the PERSON who received the COMMUNICATION, the identity of each other PERSON present when it was made, AND the subject matter discussed;

    d.  in the case of a DOCUMENT, the title of the DOCUMENT, the author, the title OR position of the author, the addressee, each recipient, the type of DOCUMENT, the subject matter, the date of preparation, its present location and custodian of the document, its beginning Bates number, AND its total number of pages; and

    e.  In the case of an event, state the date or time period of the event, the PERSONS involved in the event and its outcome, describe the circumstances that constituted or caused the event, the outcome of the event, and any other facts called for by the Interrogatory.

12.    "MARCH 28 EXECUTIVE ORDER" means Executive Order 14252 issued by the President on March 28, 2025, entitled, "Making the District of Columbia Safe and Beautiful."

13.    "LAW ENFORCEMENT ACTIVITY" means pursuit, arrests, apprehension, detention, search, seizure, security patrols, presence patrols, traffic control, crowd control, riot control, evidence collection, interrogation, informant operations, and any other activity where civilians are subjected to authority that is regulatory, proscriptive, or compulsory.

14.    "MEMBERS OF THE PUBLIC" are members of the media, officials of non-federal government agencies, advocacy groups, legal observers, medics, business entities, and other community members that are unaffiliated with law enforcement.

15.    "NATIONAL GUARD" refers to members of any NATIONAL GUARD unit, including the District of Columbia National Guard, deployed in the District of Columbia since on or after August 11, 2025, including but not limited to the District of Columbia National Guard and the National Guard units from Georgia, Louisiana, Mississippi, Ohio, South Carolina, South Dakota, Tennessee, and West Virginia.

16.    "ORDERS" means official directives regarding the scope, purpose, and nature of operations.

17.    "PERSON" as used herein means a natural person, firm, association, partnership, corporation, or other form of legal entity unless the context indicates otherwise.

18.    "PERSONNEL" as used herein means all employees (full-time, temporary, or contracted), of the DEFENDANTS.

19.    "PLAINTIFF" means the District of Columbia.

20.    "POLICIES AND PROCEDURES" refers to all reports, memoranda, legal opinions, correspondence, audits, policies, rules, ORDERS, formal and informal practices, general ORDERS, special ORDERS, FIELD OPERATION directives, unit ORDERS, and manuals, and any other guidance issued to or adopted by the Defendants.

21.    "POSSE COMITATUS ACT" refers to 18 U.S.C. § 1385, which generally restricts the use of military forces to conduct civilian law enforcement operations.

22.    "RECORDS" refers to all RECORDS or COMMUNICATIONS preserved in electronic or written form, including but not limited to correspondence, DOCUMENTS, data, videotapes, audio tapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, ORDERS, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

23.    "RELATING TO" or "RELATED TO" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a DOCUMENT, subject, topic, issue, act, or occurrence, and includes, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, relating, showing, referring to, forming the basis of, containing, or supporting any event, act, or occurrence.

24.    "SUPPORTING" means evidencing, supporting, substantiating, validating, verifying, corroborating, proving, confirming, OR demonstrating.

25.    "YOU," "YOUR," and/or "WITNESS" mean the DEFENDANTS, as well as its employees AND representatives of the same.

## INSTRUCTIONS

1.     These requests seek all responsive DOCUMENTS in DEFENDANTS' possession, custody, or control; or in the possession, custody, or control of DEFENDANTS' agents, employees, representatives, accountants, attorneys (unless privileged), and all other PERSONS acting for DEFENDANTS or on DEFENDANTS' behalf.

2.    All references to the plural include the singular, and all references to the singular include the plural. All references to the masculine gender include the feminine and neutral genders and vice versa.

3.    Produce all DOCUMENTS in the form, order, and manner in which they are regularly maintained, or, in the alternative, identify, by number, the request or requests pursuant to which DEFENDANTS are producing each document.  In the absence of an agreement to the contrary, PLAINTIFF requests that all electronically stored information ("ESI") be produced in a reasonably usable electronic format pursuant to Fed. R. Civ. P. 34(a)(1)(A).

4.    These requests are continuing in character so as to require DEFENDANTS to promptly produce supplemental DOCUMENTS if DEFENDANTS identify additional or different DOCUMENTS that are responsive at any time before trial in accordance with Fed. R. Civ. P. 26(e).

5.      A contention that some portion of the DOCUMENTS responsive to these requests may already be in the possession, custody, or control of PLAINTIFF does not excuse compliance with these requests.

6.      DEFENDANTS must produce the original or a copy of the original of each of the requested DOCUMENTS, as well as all non-identical copies, such as DOCUMENTS and drafts with notations, markings, and the like.

7.      If a DOCUMENT is undated but it appears otherwise responsive to a request, it should be produced.

8.      If a request seeks a DOCUMENT that is no longer in existence, please identify each such document, and with respect thereto:

   a.   Identify the information contained in the DOCUMENT;

   b.   State the circumstances under which the DOCUMENT ceased to exist; and

   c.   Identify all PERSONS who have knowledge or had knowledge of the DOCUMENT and its contents.

9.      If, in responding to these requests, DEFENDANTS encounter what DEFENDANTS deem to be an ambiguity when construing any request, instruction, or definition, please set forth the matter deemed ambiguous, and the construction used in responding.

10.    If DEFENDANTS elect to withhold any information or DOCUMENT under a claim of privilege, DEFENDANTS shall provide a list identifying each DOCUMENT for which privilege is claimed, and with respect thereto:

   a.   The date the DOCUMENT was produced or generated;

   b.   The name, address, and title of the person preparing the DOCUMENT;

   c.   The name, address, and title for or to whom the DOCUMENT was prepared or addressed;

   d.   The name, address, and title of all PERSONS to whom copies of the DOCUMENT were furnished or otherwise forwarded;

e. Without revealing any privileged information, the subject matter and content of the DOCUMENT; and

f. The nature of the claim of privilege.

11. The relevant period of time for these requests, unless otherwise indicated, is August 1, 2025, to the present.

12. PLAINTIFF reserves the right to pose additional or supplemental requests as discovery continues. By propounding these requests, PLAINTIFF does not concede that any DOCUMENTS produced in response are relevant or admissible at trial.

## **DOCUMENTS REQUESTED**

### **REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS or COMMUNICATIONS RELATED TO any requests DEFENDANTS have sent to any state governors, adjutants general, or National Guard units for support of operations or missions within the District related to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER.

### **REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATED TO any attempt to seek or obtain the consent of the District of Columbia prior to the deployment of the National Guard in the District of Columbia related to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER, including but not limited to ORDERS, POLICIES, or COMMUNICATIONS, and all responses thereto.

### **REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS or COMMUNICATIONS regarding the use or deployment of the National Guard in operations within the geographic boundaries of the District of Columbia starting on August 11, 2025.

**REQUEST FOR PRODUCTION NO. 4:**

Any internal reports, summaries, photos, or other such evidence RELATED TO the operations, actions, and practices taken by the NATIONAL GUARD in the District of Columbia related to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS AND COMMUNICATIONS RELATED TO risk assessments (including but not limited to any anti-terrorism/force protection assessments, traffic safety assessments, and assessments RELATED TO rules on the use of force) conducted RELATED TO the activities of NATIONAL GUARD units in the District of Columbia on or after August 11, 2025.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any ORDERS by DEFENDANTS for NATIONAL GUARD units in the District of Columbia to be armed, including all documents RELATED TO the decision to arm NATIONAL GUARD units in the District with M17 pistols, M4 rifles, or any other firearm.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS and ORDERS RELATED TO the rules for use of FORCE, rules of engagement, or other POLICIES governing the activities of the NATIONAL GUARD deployed in the District of Columbia pursuant to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER including any revisions, amendments, or any other changes thereto.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to any law enforcement deputization of NATIONAL GUARD troops in the District of Columbia since on or after August 11, 2025, including, but not limited to, deputization by the U.S. Marshals Service.

**REQUEST FOR PRODUCTION NO. 9:**

Any ORDERS, POLICIES, or COMMUNICATIONS describing, instructing, directing, or RELATED TO the LAW ENFORCEMENT ACTIVITIES and supportive functions for civilian law enforcement that could be, would be, will be, or have been, taken by the NATIONAL GUARD deployed in District of Columbia related to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER, including but not limited to ORDERS, POLICIES, or COMMUNICATIONS to:

    a.   the Joint Task Force-District of Columbia.

    b.   the Safe and Beautiful Task Force.

    c.   the District of Columbia National Guard.

    d.   the Ohio National Guard.

    e.   the Tennessee National Guard.

    f.   the Mississippi National Guard.

    g.   the West Virginia National Guard.

    h.   the South Carolina National Guard.

    i.   the Louisiana National Guard.

    j.   the South Dakota National Guard.

    k.   the Georgia National Guard.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS, COMMUNICATIONS, AND RECORDS RELATED TO any TRAINING OR POLICIES provided to NATIONAL GUARD units for any deployments within the District of Columbia  since on or after August 11, 2025, including but not limited to those RELATED TO any LAW ENFORCEMENT ACTIVITY and/or permissible activities under the POSSE COMITATUS ACT and 10 U.S.C § 275.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATED TO any LAW ENFORCEMENT ACTIVITIES, uses of FORCE, or other similar activities in the District of Columbia by the NATIONAL GUARD on or after August 11, 2025. This should include, but not be limited to, any reports, summaries,

notes, or any other COMMUNICATION drafted, issued, or sent by or to any NATIONAL GUARD PERSONNEL RELATED TO NATIONAL GUARD involvement in any LAW ENFORCEMENT ACTIVITIES and/or compliance or non-compliance with the POSSE COMITATUS ACT and 10 U.S.C § 275.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS, REPORTS, and COMMUNICATIONS RELATED TO any ORDERS describing the authority, duties, and responsibilities of NATIONAL GUARD troops performing patrols in the District of Columbia without civilian law enforcement agencies.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS and other DOCUMENTS containing summaries, descriptions, or information RELATED TO the duties of, responsibilities of, and actions of NATIONAL GUARD PERSONNEL while accompanying federal and/or local law enforcement agencies in the District of Columbia since August 11, 2025.

**REQUEST FOR PRODUCTION NO. 14:**

All COMMUNICATIONS issued by DEFENDANTS to federal and local law enforcement agencies RELATED TO limitations, restrictions, and other parameters, regarding the activities in which NATIONAL GUARD PERSONNEL deployed within the District of Columbia may engage while assisting in LAW ENFORCEMENT ACTIVITIES in the District.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS, COMMUNICATIONS, and POLICIES AND PROCEDURES RELATED TO complaints and reports of alleged impermissible actions, or questions RELATED TO the permissibility of actions, by the NATIONAL GUARD deployed in the District of Columbia pursuant to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS, ORDERS, and POLICIES AND PROCEDURES describing or RELATED TO when use of FORCE by the NATIONAL GUARD is justified for purposes of self-defense or defense of property and personnel.

**REQUEST FOR PRODUCTION NO. 17:**

All COMMUNICATIONS and other DOCUMENTS that are referenced or relied upon in DEFENDANTS' Interrogatory responses.

Dated: September 9, 2025      Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
ELIZA H. SIMON (D.C. Bar No. 90035651)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

*/s/ Alicia M. Lendon*
ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

*/s/ Pamela Disney*
PAMELA DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)
CHRISTOPHER PEÑA (D.C. Bar No. 888324806)
CHARLES SINKS (D.C. Bar No. 888273315)
Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 807-0371
pamela.disney@dc.gov

*Attorneys for the District of Columbia*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD J. TRUMP, *et al*.,<br><br>　　　　　　　Defendants. | Case No.: 1:25-cv-03005 (JMC) |

**DISTRICT OF COLUMBIA'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff hereby requests that Defendants Donald Trump, in his official capacity as President of the United States; the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service, answer these interrogatories, separately and under oath, on or by September 25, 2025.

**DEFINITIONS**

1.　　"AND" and "OR" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any document or information that might otherwise be construed to be outside its scope.

2.　　"AUGUST 11 PRESIDENTIAL MEMORANDUM" means the memorandum issued by the President on August 11, 2025, entitled, "Restoring Law and Order in the District of Columbia."

3.    "AUGUST 25 EXECUTIVE ORDER" means Executive Order No. 14339 issued by the President on August 25, 2025, entitled, "Additional Measures to Address the Crime Emergency in the District of Columbia."

4.    "ARREST" means use of legal authority to deprive a person of their freedom of movement.

5.    "CIVILIAN LAW ENFORCEMENT OFFICIAL" means an officer or employee of a federal, state, local and tribal law enforcement agency with the responsibility of enforcement of those laws within the jurisdiction of that agency.

6.    "COMMUNICATION" means the transmittal in any form—electronic, written, typed, spoken, or otherwise—of information, as well as any note, memorandum, or other record thereof.

7.    "DEFENDANTS" means Donald Trump, in his official capacity as President of the United States; the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service; and any and all employees, agents, representatives, attorneys, and any PERSON acting on their behalf.

8.    "DESCRIBE" means to provide a complete description AND explanation of the facts, circumstances, analysis, AND other information RELATING TO the subject matter of a specific interrogatory.

9.    "DETENTION" means a seizure of a person that results from physical restraint, unequivocal verbal commands, or words or conduct that would result in a reasonable person believing that they are not free to leave or otherwise disregard the order.

10.    "DOCUMENT" means the original and all non-identical copies and drafts and shall have the broadest possible meaning permitted under Fed. R. Civ. P. 34(a).

11.    "FORCE" means any physical effort or restraint used to obtain or attempt to obtain physical control of a person or their property (or effects).

12.    "IDENTIFY" means to state:

a.   in the case of a natural PERSON, their name, business address AND telephone number, employer, AND title OR position;

b.   in the case of a location, the address (including zip code) of that location;

c.   in the case of a COMMUNICATION, its date, type (e.g. telephone conversation OR discussion), the place where it occurred, the identity of the PERSON who made the COMMUNICATION, the identity of the PERSON who received the COMMUNICATION, the identity of each other PERSON present when it was made, AND the subject matter discussed;

d.   in the case of a DOCUMENT, the title of the DOCUMENT, the author, the title OR position of the author, the addressee, each recipient, the type of DOCUMENT, the subject matter, the date of preparation, its present location and custodian, its beginning Bates number, AND its total number of pages; and

e.   In the case of an event, state the date or time period of the event, the PERSONS involved in the event and its outcome, describe the circumstances that constituted or caused the event, the outcome of the event, and any other facts called for by the Interrogatory.

13.    "MARCH 28 EXECUTIVE ORDER" means Executive Order 14252 issued by the President on March 28, 2025, entitled, "Making the District of Columbia Safe and Beautiful."

14.    "LAW ENFORCEMENT ACTIVITY" means pursuit, arrests, apprehension, detention, search, seizure, security patrols, presence patrols, traffic control, crowd control, riot control, evidence collection, interrogation, informant operations, and any other activity where civilians are subjected to authority that is regulatory, proscriptive, or compulsory.

15.    "MEMBERS OF THE PUBLIC" are members of the media, officials of non-federal government agencies, advocacy groups, legal observers, medics, business entities, and other community members that are unaffiliated with law enforcement.

16.    "NATIONAL GUARD" refers to members of any NATIONAL GUARD unit deployed in the District of Columbia since, on, or after August 11, 2025, including but not limited to the District of Columbia National Guard and the National Guard units from Georgia, Louisiana, Mississippi, Ohio, South Carolina, South Dakota, Tennessee, and West Virginia.

17.    "ORDERS" means official directives regarding the scope, purpose, and nature of operations as well as ORDERS to deploy.

18.    "PERSON" as used herein means a natural person, firm, association, partnership, corporation, or other form of legal entity unless the context indicates otherwise.

19.    "PERSONNEL" as used herein means all employees (full-time, temporary, or contracted), of the DEFENDANTS including members of the NATIONAL GUARD.

20.    "PLAINTIFF" means the District of Columbia.

21.    "POLICIES AND PROCEDURES" refers to all reports, memoranda, legal opinions, correspondence, audits, policies, rules, ORDERS, formal and informal practices, general ORDERS, special ORDERS, FIELD OPERATION directives, unit ORDERS, and manuals, and any other guidance issued to or adopted by the Defendants.

22.    "POSSE COMITATUS ACT" refers to 18 U.S.C. § 1385, which generally restricts the use of military forces to conduct civilian law enforcement operations.

23.    "RECORDS" refers to all RECORDS or COMMUNICATIONS preserved in electronic or written form, including but not limited to correspondence, DOCUMENTS, data, videotapes, audio tapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, ORDERS, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

24.    "RELATING TO" or "RELATED TO" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any

way, directly or indirectly, a DOCUMENT, subject, topic, issue, act, or occurrence, and includes, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, relating, showing, referring to, forming the basis of, containing, or supporting any event, act, or occurrence.

25.    "SUPPORTING" means evidencing, supporting, substantiating, validating, verifying, corroborating, proving, confirming, OR demonstrating.

26.    "YOU," "YOUR," and/or "WITNESS" mean the DEFENDANTS, as well as its employees AND representatives of the same.

## INSTRUCTIONS

1.    In answering these Interrogatories, furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to DEFENDANTS. No part of an Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory. If DEFENDANTS are unable to answer fully any of these Interrogatories, then DEFENDANTS must answer them to the fullest extent possible, specifying the reasons for any inability to answer the remainder, and stating whatever information, knowledge, or belief DEFENDANTS have concerning the unanswerable portion.

2.    Under Rule 33(b)(3) of the Federal Rules of Civil Procedure, each Interrogatory must be answered separately and fully in writing. To the extent it is necessary to supplement a written response by reference to certain DOCUMENTS and/or electronically stored information ("ESI") that has been provided, or will be provided, during discovery in this action, each such reference should be specific in nature, narrowly tailored to address separately the substance of the corresponding Interrogatory, and accompanied by a sufficient written response to provide a full and complete answer to the substance of each and every Interrogatory.

3.    If DEFENDANTS elect to produce business records in response to any Interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, DEFENDANTS must identify and produce all DOCUMENTS in the form, order, and manner in which they are regularly maintained, or, in the alternative, identify, by number, the request or requests pursuant to which

DEFENDANTS are producing each document.  In the absence of an agreement to the contrary, PLAINTIFF requests that all electronically stored information ("ESI") be produced in a reasonably usable electronic format pursuant to Fed. R. Civ. P. 34(a)(1)(A).

4.     These Interrogatories are continuing in character so as to require DEFENDANTS to promptly produce supplemental responses or identify additional documents if DEFENDANTS identify additional or different information or DOCUMENTS that are responsive at any time before trial in accordance with Fed. R. Civ. P. 26(e).

5.     Where knowledge or information in DEFENDANTS' possession is requested, such request shall be construed to include knowledge of DEFENDANTS, including without limitation, agents, employees, representatives, accountants, attorneys, and all other persons acting on DEFENDANTS' behalf.

6.     If identification of a date or time period is requested and the exact date or time period is not known, provide the month and year if known.

7.     If any Interrogatory asks for information that could at some time have been answered by producing, consulting, or referring to DOCUMENTS that are no longer in existence, please identify each DOCUMENT and regarding each one:

    a.     Identify the information contained in each such DOCUMENT;

    b.     State the circumstances under which each document ceased to exist; and

    c.     Identify all persons who have knowledge or had knowledge of each document and the contents thereof.

8.     When an Interrogatory calls upon DEFENDANTS to "state the basis" of or for a particular claim, assertion, allegation, or contention, or to "state all facts" or "identify all DOCUMENTS" supporting a particular claim, assertion, allegation, or contention, DEFENDANTS shall:

    a.     Identify each and every DOCUMENT, including (where applicable), the section, article, or subparagraph thereof, which forms any part of the source of the party's information regarding the alleged facts or conclusions referred to by

the Interrogatory;

b.   Identify each and every COMMUNICATION which forms any part of the source of the party's information regarding the alleged facts or conclusions referred to by the Interrogatory;

c.   State separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the Interrogatory.

9.   If DEFENDANTS elect to withhold any information, COMMUNICATION, or DOCUMENT under a claim of privilege, DEFENDANTS shall provide a list identifying each COMMUNICATION or DOCUMENT for which privilege is claimed, and with respect thereto:

a.   The date the COMMUNICATION or DOCUMENT was produced or generated;

b.   The name, address, and title of the person preparing the COMMUNICATION or DOCUMENT;

c.   The name, address, and title for or to whom the COMMUNICATION or DOCUMENT was prepared or addressed;

d.   The name, address, and title of all PERSONS to whom copies of the COMMUNICATION or DOCUMENT were furnished or otherwise forwarded;

e.   Without revealing any privileged information, the subject matter and content of the COMMUNICATION or DOCUMENT; and

f.   The nature of the claim of privilege.

10.   PLAINTIFF preserves the right to pose additional or supplemental Interrogatories as discovery continues. By propounding these Interrogatories, PLAINTIFF does not concede that any documents produced in response are relevant or admissible at trial.

11.   All references to the plural include the singular, and all references to the singular include the plural. All references to the masculine gender include the feminine and neutral genders and vice versa.

12.    Unless otherwise specified in the individual interrogatory, the relevant time period for these interrogatories is August 1, 2025, to the present.

## **INTERROGATORIES**

1.        IDENTIFY all states and/or governors from which DEFENDANTS requested that the state's NATIONAL GUARD deploy to the District of Columbia, and DESCRIBE the response provided by each such state and/or governor, including whether the state and/or governor agreed or declined to deploy its National Guard and, where appropriate, the total number of troops sent and whether the troops had specialized support roles or training (*e.g.*, military police, medical services, public affairs, etc.).

2.        For each NATIONAL GUARD unit that has received ORDERS to the District of Columbia on or after August 11, 2025, IDENTIFY the chain of command that the unit has been instructed to follow while in the District of Columbia. To the extent that the chain of command has changed over time, IDENTIFY any changes.

3.        DESCRIBE any effort DEFENDANTS made to request or obtain the consent of the District of Columbia for the deployment of the NATIONAL GUARD to the District of Columbia, and any response thereto.

4.        DESCRIBE any limitations placed by federal law, POLICIES AND PROCEDURES, rules for use of force, rules of engagement, or other operating instructions on any activities engaged in by the NATIONAL GUARD within the boundaries of the District of Columbia since on or after August 11, 2025.

5.        DESCRIBE the instructions Defendants provided to any federal agency or task force on the authorized use of the NATIONAL GUARD RELATED TO any deployment within the boundaries of the District of Columbia since on or after August 11, 2025.

6.    DESCRIBE what actions and activities NATIONAL GUARD PERSONNEL are authorized to take RELATED TO any deployment related to the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER, including actions and activities on both federal and non-federal property.

7.    DESCRIBE all activities that the NATIONAL GUARD has engaged in within the District of Columbia since on or after August 11, 2025, related to the MARCH 28 EXECUTIVE ORDER, AUGUST 7 PRESIDENTIAL MEMORANDUM, AUGUST 25 EXECUTIVE ORDER and/or any subsequent requests made to the several states. For each activity, this description should include but not be limited to the type of activities (*e.g.*, presence patrols, detaining individuals), the time frame in which such activity occurred, the location where the activity occurred including whether or not it occurred on federal property, and the number of troops that participated in the activity.

8.    DESCRIBE each official ORDER given to the NATIONAL GUARD RELATED TO their deployment in the District of Columbia on or after August 11, 2025, including what the ORDER was, the date it was given, and who issued the ORDER.

9.    IDENTIFY any requests for assistance by a law enforcement agency or RELATED TO LAW ENFORCEMENT ACTIVITY to which NATIONAL GUARD units have responded in the District of Columbia since, on, after August 11, 2025.

10.    IDENTIFY all law enforcement agencies that have deputized NATIONAL GUARD troops in the District of Columbia since, on, or after August 11, 2025 (or any deputizations prior to August 11, 2025 that have remained operative on or after August 11, 2025). In YOUR response, please identify the law enforcement agency, the date of the deputization, the NATIONAL GUARD units deputized, the number of NATIONAL GUARD troops deputized

from each unit, and the authority conferred on the NATIONAL GUARD PERSONNEL once deputized.

11.     For any deputizations identified in response to Interrogatory No. 10, IDENTIFY any training or experience the law enforcement agency required NATIONAL GUARD troops to possess prior to deputization.

12.     IDENTIFY all actions since, on, or after August 11, 2025, where NATIONAL GUARD troops in the District of Columbia have performed any function that made use of any authority pursuant to a deputization.

13.     IDENTIFY all instances in which National Guard troops have participated in any way in any LAW ENFORCEMENT ACTIVITY in the District of Columbia since on or after August 11, 2025. For each instance of the activity listed above, IDENTIFY the number of MEMBERS OF THE PUBLIC involved, the date of the activity, the location of the activity including whether or not it occurred on federal property, the basis for the activity and, with respect to any detention or arrest, whether any MEMBERS OF THE PUBLIC remain detained or in custody.

14.     DESCRIBE how DEFENDANTS have been monitoring the conduct of NATIONAL GUARD PERSONNEL within the District of Columbia since on or after August 11, 2025, including for purposes of determining whether any NATIONAL GUARD PERSONNEL have complied with or violated the POSSE COMITATUS ACT.

15.     DESCRIBE what activities DEFENDANTS understand are prohibited for the NATIONAL GUARD to engage in under the POSSE COMITATUS ACT.

16.     DESCRIBE all POLICIES AND PROCEDURES issued by DEFENDANTS RELATED TO the submission, investigation, and processing of internal and public complaints, reports, or questions RELATED TO the permissibility of NATIONAL GUARD PERSONNEL

activities in the District of Columbia under the POSSE COMITATUS ACT, rules for use of force, rules of engagement, or any other legal or internal limitation on PERSONNEL's involvement in LAW ENFORCEMENT ACTIVITIES.

17.    IDENTIFY all COMMUNICATIONS between the NATIONAL GUARD and CIVILIAN LAW ENFORCEMENT OFFICIALS during their deployment pursuant to the AUGUST 11 PRESIDENTIAL MEMORANDUM and/or AUGUST 25 EXECUTIVE ORDER.

18.    DESCRIBE any and all training(s) given to the NATIONAL GUARD for the purpose of deployment to the District of Columbia and RELATED TO their roles and responsibilities prior to or since their deployment in the District of Columbia, including, but not limited to, any training relating to supporting or conducting LAW ENFORCEMENT ACTIVITIES.


Dated: September 9, 2025                   Respectfully submitted,

                                          BRIAN L. SCHWALB
                                          Attorney General for the District of Columbia

                                          EMMA SIMSON (D.C. Bar No. 1026153)
                                          ELIZA H. SIMON (D.C. Bar No. 90035651)
                                          MITCHELL P. REICH (D.C. Bar No. 1044671)
                                          Senior Counsels to the Attorney General

                                          BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
                                          Assistant Deputy Attorney General
                                          Legal Counsel Division

                                          */s/ Alicia M. Lendon*
                                          ALICIA M. LENDON (D.C. Bar No. 1765057)
                                          Chief, Civil Rights and Elder Justice Section
                                          Public Advocacy Division

                                          */s/ Pamela Disney*
                                          PAMELA DISNEY (D.C. Bar No. 1601225)
                                          ANDREW MENDRALA (D.C. Bar No. 1009841)
                                          CHRISTOPHER PEÑA (D.C. Bar No. 888324806)
                                          CHARLES SINKS (D.C. Bar No. 888273315)

Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 807-0371
pamela.disney@dc.gov

*Attorneys for the District of Columbia*