UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Civil Action No. 1:25-cv-03005-JMC |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR EXPEDITED CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY**

Last night, nearly a month following the August 11 orders deploying the National Guard to the District of Columbia (District), the District moved for a preliminary injunction. The District also moved for leave to conduct expedited discovery and asked the Court to order Defendants to file a response to that motion *tomorrow*. *See* Pl. Mot. for Expedited Discovery, ECF No. 4 at 9. Defendants plan to respond to the District's motion within 14 days as contemplated by the local rules—*i.e.*, by September 24. The Court should not shorten that period and, at the very least, should reject the District's request that Defendants file a response tomorrow.

For one, it is patently unreasonable to demand that Defendants respond to the motion effectively one business day after seeing the District's proposed discovery for the first time. And expedition of Defendants' time to respond to the motion is plainly inconsistent with the District's delay in filing the suit, and further delay in filing the preliminary injunction motion. The District waited nearly a month after the President deployed the National Guard to seek relief. Yet now the District insinuates some sort of emergency compels the United States' rapid-fire response to a discovery motion filed nearly a week after the complaint was filed.

Moreover, in the District's own words, discovery is unnecessary at all—let alone on a compressed timeline—because "it is clear without discovery that legal violations are occurring in the District." Pl. Mot. for Expedited Discovery, ECF No. 4 at 2. The District contends that the consent of the Mayor and D.C. local government is needed before the Guard can be deployed, Pl. Mem. in Supp. of Mot. for Prelim. Inj. and Stay at 18-27, ECF No. 3-1, that the law does not permit Defendants to exercise control over National Guard units in state militia status, *id.* at 27-31, and that the Guard's activities in the District violate the Posse Comitatus Act, *id.* at 31-41. Nothing about these arguments or the District's 45-page memorandum suggests that discovery—let alone expedited discovery—is required for the Court to resolve the controversy. And in any event, the legal arguments are meritless, as Defendants will explain in a forthcoming opposition.

Dated: September 10, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG
(D.C. Bar No. 467513)
Special Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Phone: 202-514-3374
Email: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*