UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**,<br><br>Plaintiff,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-03005 (JMC) |

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

The District of Columbia respectfully submits this reply in support of its request for expedited consideration of its Motion for Expedited Discovery (ECF No. 4) (Disc. Mot.) in support of its request for a preliminary injunction. In this motion, the District proposed that the Court order Defendants to respond within 2 days—by September 11. District courts routinely order responses to such motions on a similar timeline. *See, e.g.*, Order Directing Filing, *Newsom v. Trump*, No. 25-cv-04870-CRB, ECF No. 98 (N.D. Cal. June 24, 2025) (ordering response in 2 days); Order, *New Mexico v. Musk*, No. 1:25-cv-00429-TSC, ECF No. 36 (D.D.C. Feb. 20, 2025) (ordering response within 4 days). Defendants, however, want 14 days to respond. Resp. 1 (ECF No. 8). The default schedule for resolving a preliminary injunction motion is 21 days, LCvR 65.1(d), so Defendants' preferred response date would amount to a constructive denial of the District's request for expedition.

The government also suggests the District forfeited the right to timely consideration of its motion for expedited discovery because it "delay[ed] in filing the suit." Resp. 1. That charge is meritless. Defendants first mobilized the D.C. National Guard (DCNG) on August 11, and the

1

first out-of-state troops deployed to the District around August 16. The District promptly requested information from Defendants and the sending states to understand the legal basis, scope, and command structure of those deployments. *See* Haynes Decl. Exs. 38-44. Defendants and all but one state ignored those requests. *See id.* Ex. 45.

Since then, the picture has gradually come into focus. The District learned Defendants had deputized the National Guard troops as Special Deputy U.S. Marshals, placed them under the command of the DCNG and the Army, ordered them to carry firearms, and assigned them to engage in core law enforcement activities. *See* Haynes Decl. Exs. 18-20, 22-27, 49. Then it became clear that Defendants meant this deployment to continue indefinitely: on August 31, a seventh state announced it was deploying troops to the District, Haynes Decl. Ex. 18; and on September 3, Defendants extended the mobilization through November 30, *id.* Ex. 21. The District filed suit the very next day. Compl. (ECF No. 1). The fact that the District "waited" is not a sign that it was "sleeping on its rights"; it is an indication of the District's "ongoing, worsening injuries" and of Defendants' deliberate refusal to reveal the nature and magnitude of their unlawful conduct. *Tex. Children's Hosp. v. Burwell*, 76 F. Supp. 3d 224, 245 (D.D.C. 2014) (quoting *Arc of Cal. v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014)).

Finally, Defendants erroneously contend that the District does not need discovery because it already has some evidence on its side. But "preliminary injunction proceedings are" often "exactly the kind of circumstance warranting expedited discovery." *New Mexico v. Musk*, 770 F. Supp. 3d 192, 199 (D.D.C. 2025). Indeed, the fact that a plaintiff has filed a preliminary injunction motion—for which the plaintiff necessarily must believe a sufficient factual basis exists, *see* Fed. R. Civ. P. 11—weighs *in favor* of granting expedited discovery. *See AFL-CIO v. Dep't of Labor*, 349 F.R.D. 243, 249 (D.D.C. 2025). The evidence the District seeks is solely in

Defendants' possession and is necessary to "provide a more fulsome record to consider the preliminary injunction" and to "enable the Court to design an equitable remedy that will prevent irreparable harm while the case is litigated." *KPM Analytics N. Am. v. Blue Sun Scientific, LLC*, 540 F. Supp. 3d 145, 146 (D. Mass. 2021). Particularly given the "rapidly evolving situation on the ground," this evidence will be critical in "assist[ing] the Court in resolving this important and developing matter" on a complete and current record. *Newsom v. Trump*, No. 25-CV-04870-CRB, 2025 WL 2250569, at *6 (N.D. Cal. June 25, 2025).

Date:   September 10, 2025                Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

/s/ Eliza H. Simon
ELIZA H. SIMON (D.C. Bar No. 90035651)
Senior Counsel to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

/s/ Andrew Mendrala
PAMELA A. DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)
Assistant Attorneys General
Office of the Attorney General for the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 724-9726
andrew.mendrala@dc.gov

*Attorneys for the District of Columbia*