**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DISTRICT OF COLUMBIA,

        *Plaintiff,*

        v.

DONALD J. TRUMP, *in his official capacity as
President of the United States, et al.*,

        *Defendants.*

Civil Action No. 1:25-cv-03005-JMC

**MOTION OF LAW ENFORCEMENT ACTION PARTNERSHIP, CENTER FOR
POLICING EQUITY, NATIONAL POLICE ACCOUNTABILITY PROJECT, AND THE
POLICING PROJECT AT NEW YORK UNIVERSITY SCHOOL OF LAW FOR LEAVE
TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION AND SECTION 705 STAY**

Pursuant to Local Rule 7(o), proposed *amici curiae* Law Enforcement Action Partnership,

Center for Policing Equity, National Police Accountability Project, and the Policing Project at New

York University School of Law respectfully request leave to file a brief in support of Plaintiff's

motion for a preliminary injunction and Section 705 stay. The proposed brief of *amici* is attached

to this motion as Exhibit 1. Plaintiff and Defendants consent to this motion.

District courts have "broad discretion to allow amicus briefs when they provide unique

information or perspective that can help the court beyond the help that the lawyers for the parties

are able to provide." *Johnson & Johnson Health Care Sys., Inc. v. Kennedy*, No. 24-Civ.-3188

(RC), 2025 WL 1783901, at *5 n.6 (quoting *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland

Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022)). Courts in this District generally permit parties to

participate as *amici curiae* when they have "relevant expertise and a stated concern for the issues

at stake in [the] case." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237

(D.D.C. 2011); *see also Jin v. Ministry of State Sec'y*, 557 F. Supp. 131, 137-38 (D.D.C. 2008) (granting leave on these grounds).

Proposed *amici* satisfy these criteria. As institutions committed to promoting the public's trust in effective, equitable law enforcement, *amici* have a special interest in this litigation. *Amici* have decades of experience researching, communicating, and advising on strategies to improve public safety. Many of these strategies involve promoting accountability and transparency in law enforcement and cultivating trust between law enforcement and the public. Defendants' actions undermine these goals, and *amici* have an interest in preventing such harm.

*Amici*'s particular interests are described below:

The Law Enforcement Action Partnership (LEAP) is a nonprofit organization whose members include police, prosecutors, judges, corrections officials, and other law-enforcement officials advocating for criminal justice and drug policy reforms that will make our communities safer and more just. Founded by five police officers in 2002 with a sole focus on drug policy, today LEAP's speakers bureau numbers more than 275 criminal justice professionals advising on police-community relations, incarceration, harm reduction, drug policy, and global issues. Through speaking engagements, media appearances, testimony, and support of allied efforts, LEAP reaches audiences across a wide spectrum of affiliations and beliefs, calling for more practical and ethical policies from a public safety perspective.

The Center for Policing Equity (CPE) is a racial justice nonprofit that provides leaders with data, stories, and relationships to facilitate changes that are bold, innovative, and lasting. CPE gathers and analyzes data on behaviors within public safety systems and uses those data to help communities achieve safer policing outcomes. This work is also the basis of CPE's National Justice Database, the nation's first database tracking national statistics on police behavior. This

database allows CPE to provide others with a clearer picture of the approaches, measures, and methods that work best in redesigning public safety to better keep vulnerable communities safe.

The National Police Accountability Project (NPAP) was founded in 1999 by members of the National Lawyers Guild to address misconduct by law enforcement officers through coordinating and assisting civil rights lawyers. NPAP has over 550 attorney members practicing in every region of the United States, including a number of members that represent victims of federal law enforcement violence. Every year, NPAP members litigate the thousands of egregious cases of law enforcement abuse that do not make news headlines as well as the high-profile cases that capture national attention. NPAP provides training and support for these attorneys and resources for nonprofit organizations and community groups working to end police violence. NPAP also advocates for legislation to increase police accountability and appears regularly as *amicus curiae* in cases, such as this one, presenting issues of particular importance for its members and their clients.

The Policing Project at New York University School of Law is dedicated to ensuring that policing is effective, equitable, and democratically accountable. The Policing Project facilitates public engagement on policing policies and practices, with the twin aims of giving communities a voice in how they are policed and developing greater mutual trust between the police and the communities they serve. The Policing Project believes in "front-end accountability"—that policing should operate according to laws and regulations in place before police act, rather than simply trying to correct the situation when something goes wrong. The Policing Project pursues this mission through a variety of strategies, including drafting and promoting legislation regarding policing and litigating when these principles are not respected. It works regularly with policing agencies and jurisdictions that share its goals. Recognizing that police officers are not always

trained to deal with the raft of reasons that people call 911 for assistance, the Policing Project also is a national leader in the field of alternative first response.

The proposed brief provides substantial additional information not included in the briefs of the parties and will aid the Court in understanding the full impact of Defendants' actions. It surveys the historical use of the D.C. National Guard in the District and explains how the military-focused training received by National Guard troops diverges from the law-enforcement training received by police officers. The brief also describes how deployment of armed National Guard troops to patrol the streets of D.C. inflicts irreparable harm on the District by undermining public trust in law enforcement and harming public safety. The proposed brief illustrates the real-world implications of Defendants' actions—for the public's trust in law enforcement, for the efficacy of law enforcement, and for public safety writ large—considerations the Court should give substantial weight in considering the equities supporting Plaintiff's request for relief.

## CONCLUSION

For the reasons stated, *amici* respectfully request that the Court grant this motion and accept the attached *amici curiae* brief.

Dated: September 15, 2025

Trisha Anderson, Bar No. 497224
Joshua A. Matz, Bar No. 1045064
Martin Totaro*
Hecker Fink LLP
1050 K Street NW
Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@heckerfink.com
tanderson@heckerfink.com

*Counsel for Amici Curiae*

*\*Application for admission pro hac vice pending*

4

## CERTIFICATE OF SERVICE

I, Trisha Anderson, hereby certify that, on September 15, 2025, I electronically filed a copy of the foregoing Motion of Law Enforcement Action Partnership, Center for Policing Equity, National Police Accountability Project, and the Policing Project at New York University School of Law for Leave to File Brief as *Amici Curiae* in Support of Plaintiff's Motion for Preliminary Injunction and Section 705 Stay. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

Dated: September 15, 2025

Trisha Anderson, Bar No. 497224
Joshua A. Matz, Bar No. 1045064
Martin Totaro*
Hecker Fink LLP
1050 K Street NW
Suite 1040
Washington, DC 20001
(212) 763-0883
jmatz@heckerfink.com
tanderson@heckerfink.com

*Counsel for Amici Curiae*

*\*Pro hac vice application pending*