IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA

        *Plaintiff,*

v.

DONALD J. TRUMP, et al,

        *Defendants.*

Case No. 25-cv-3005 (JMC)

## OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S MOTION TO PARTICIPATE AS AMICI CURIAE

Pursuant to Local Rule 7(o), The Oversight Project and its President Mike Howell (collectively "Oversight") respectfully seek leave to participate in this matter as *amici curiae* to oppose all requested relief by Plaintiff and seek leave to participate in oral argument at the upcoming hearing on the Motion to Expedite Discovery currently scheduled for September 18, 2025.[1]  A proposed order is attached to this motion.

    1.    Courts have "broad discretion to allow amicus briefs when they provide 'unique information or perspective' that 'can help the [c]ourt beyond the help that the lawyers for the parties are able to provide.'" *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022) (internal citations omitted).  "It is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the *amicus*." *Hopi Tribe v. Trump*, No. 17-CV-2590 (TSC), 2019 WL 2494161, at *3 (D.D.C. Mar. 20, 2019). Courts have granted leave for *amicus* participation when the movant has "relevant expertise and a stated concern for the issues at stake in [the] case." *D.C. v. Potomac Elec. Power Co.*, 826 F.

---

[1] Proposed *amici* seek to participate in oral arguments only to the extent Defendants do not raise the issues that proposed *amici* intend to brief. Both parties consent to proposed *amici* filing an *amicus* brief, but oppose proposed *amici's* participation in oral argument.

Supp. 2d 227, 237 (D.D.C. 2011).

2. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight as well as pursuing Oversight's policy objectives via litigation. By function, the Oversight Project is primarily engaged in disseminating information to the public. Oversight Project, https://itsyourgov.org/. The Oversight Project and Mike Howell's journalistic work is published most frequently on X (formerly known as Twitter) to provide information directly to the American people. *See* Oversight Project https://x.com/ItsYourGov. Mike Howell is a contributor for Blaze Media. *See* https://www.theblaze.com/u/mikehowell.

3. Oversight and Howell intend to raise two issues in their *amicus* brief: (1) that the District of Columbia Attorney General lacks statutory authority to bring this Action; and (2) even if there was statutory authority to proceed, Plaintiff lacks standing as the District of Columbia cannot sue the federal government as a subcomponent thereof. The Oversight Project has worked on addressing the Constitutional and other legal issues with D.C. Home Rule. Howell has provided commentary and analysis in the media about the constitutional issues with D.C. Home Rule, and how it affects matters of public safety. *See, e.g.,* https://x.com/ItsYourGov/status/1952788579861598237.

4. The Oversight Project has extensive experience, both in and out of federal courts, with issues related to policing and law enforcement. *See, e.g.*, *United States v. Jefferson County et al.*, 3:24-cv-722 (BJB) (W.D. Ky.).

5. The Oversight Project (including in its former capacity as a part of the Heritage Foundation) frequently litigates in federal courts across the nation as both plaintiff and *amicus curiae* and its attorneys regularly appear on national media to provide explanation and commentary

on complex legal topics. *See, e.g.*, Brief of Heritage Found. as Amicus Curiae, *United States v. Hunter Biden*, No. 23-cr-61(MN) (D Del. July 25, 2023) (ECF NO. 13).

6. In another case earlier this year in which the District of Columbia sued challenging the Trump Administration's efforts to reduce crime in the District, the Court granted Oversight and Howell's motion to participate as *amicus curae*. *See*, Minute Order, *District of Columbia v. Donald J. Trump*, et al, No. 25-cv-2678 (D.D.C. Aug. 18, 2025). The federal Defendants in that case did not raise the standing issues *amici* intend to raise in that case, despite that case presenting the same legal issue. It does not appear Defendants intend to raise these issues in the current Action. Proposed *amici's* participation in this Action will assist the Court in determining whether this Court has power to hear this action under Article III.

7. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 519 (1868)). Whether a Court has jurisdiction is a "'question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.'" *Id.* at 95 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

8. *Amici* participation is favored where "adversarial presentation of the issues is assured by the participation of *amici curiae* prepared to defend with vigor the constitutionality of the legislative act." *United States v. Windsor*, 570 U.S. 744, 760 (2013). This applies with special force in the case of the Court assuring itself of jurisdiction. *See, e.g.*, *Windsor*, 570 U.S. at 756 ("All parties agree that the Court has jurisdiction to decide this case; and, with the case in that framework, the Court appointed Professor Vicki Jackson as *amicus curiae* to argue the position

that the Court lacks jurisdiction to hear the dispute."); *Nat. Fed. Indep. Bus v. Sebelius*, 567 U.S. 519, 542–43 (2012) ("because there is a reasonable argument that the Anti–Injunction Act deprives us of jurisdiction to hear challenges to the individual mandate, but no party supports that proposition, we appointed an *amicus curiae* to advance it.")

9.   WHEREFORE, for the foregoing reasons Oversight prays that the Court: Enter an order allowing the Oversight Project to appear in this matter as amicus curiae and to present oral argument on the lack of standing.

Dated:   September 18, 2025September 18, 2025   Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email: samueledewey@sedchambers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br><br>                             *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, et al,<br><br>                             *Defendants.* | Case No. 25-cv-3005 (JMC) |

**[PROPOSED] ORDER ON MOTION OF OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S MOTION TO PARTICIPATE AS AMICI CURIAE**

Upon consideration of Oversight Project and President Mike Howell's Motion to Participate as *Amici Curiae* in Opposition to all relief sought by Plaintiff, it is hereby ORDERED that the Motion is GRANTED and that movants be provided leave to file an *amicus* brief and to be heard orally concerning Article III standing.

Dated: _____

                                                                                               The Honorable Jia M. Cobb
                                                                                               United States District Judge