## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA, | |
| Plaintiff, | Case No.: 1:25-cv-03005 (JMC) |
| v. | Judge Jia M. Cobb |
| DONALD J. TRUMP, *et al.*, | |
| Defendants. | |

## PLAINTIFF'S NOTICE OF REVISED DISCOVERY REQUESTS
## IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISOVERY

Pursuant to the Court's direction during the September 18, 2025 hearing on Plaintiff's Motion for Expedited Discovery in Support of Its Motion for Preliminary Injunction, ECF No. 4, Plaintiff District of Columbia submits the attached revised discovery requests.

Dated: September 18, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Eliza H. Simon*
EMMA SIMSON (D.C. Bar No. 1026153)
ELIZA H. SIMON (D.C. Bar No. 90035651)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

PAMELA DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)

CHRISTOPHER PEÑA (D.C. Bar No. 888324806)
CHARLES SINKS (D.C. Bar No. 888273315)
HANNAH COLE-CHU (D.C. Bar No. 1613497)
Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 741-5221
eliza.simon@dc.gov

*Attorneys for the District of Columbia*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>    Plaintiff,<br><br> v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>    Defendants. | Case No.: 1:25-cv-03005 (JMC) |

## DISTRICT OF COLUMBIA'S FIRST SET OF REQUESTS
## FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS

 Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff hereby requests that the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service (collectively, DEFENDANTS), respond to these requests for production of documents, separately and under oath, and produce the documents requested on or by October 10, 2025.

## DEFINITIONS

 1. "AND" and "OR" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any document or information that might otherwise be construed to be outside its scope.

2.      "ARREST" means use of legal authority to deprive a person of their freedom of movement.

3.      "COMMUNICATION" means the transmittal in any form—electronic, written, typed, spoken, or otherwise—of information, as well as any note, memorandum, or other record thereof.

4.      "DESCRIBE" means to provide a complete description AND explanation of the facts, circumstances, analysis, AND other information RELATING TO the subject matter of a specific interrogatory.

5.      "DETENTION" means a seizure of a PERSON that results from physical restraint, unequivocal verbal commands, or words or conduct that would result in a reasonable person believing that they are not free to leave or otherwise disregard the order.

6.      "DOCUMENT" means the original and all non-identical copies and drafts and shall have the broadest possible meaning permitted under Fed. R. Civ. P. 34(a).

7.      "FORCE" means any physical effort or restraint used to obtain or attempt to obtain physical control of a PERSON or their property (or effects).

8.      "IDENTIFY" means to state:

     a.   in the case of a natural PERSON, their name, business address AND telephone number, employer, AND title OR position;

     b.   in the case of a location, the address (including zip code) of that location;

     c.   in the case of a COMMUNICATION, its date, type (e.g. telephone conversation OR discussion), the place where it occurred, the identity of the PERSON who made the COMMUNICATION, the identity of the PERSON

who received the COMMUNICATION, the identity of each other PERSON

present when it was made, AND the subject matter discussed;

d.  in the case of a DOCUMENT, the title of the DOCUMENT, the author, the

title OR position of the author, the addressee, each recipient, the type of

DOCUMENT, the subject matter, the date of preparation, its present

location and custodian of the document, its beginning Bates number, AND

its total number of pages; and

e.  In the case of an event, state the date or time period of the event, the

PERSONS involved in the event and its outcome, describe the

circumstances that constituted or caused the event, the outcome of the event,

and any other facts called for by the Interrogatory.

9.     "LAW ENFORCEMENT ACTIVITY" means pursuit, arrests, apprehension,

detention, search, seizure, security patrols, presence patrols, traffic control, crowd control, riot

control, evidence collection, interrogation, informant operations, and any other activity where

civilians are subjected to authority that is regulatory, proscriptive, or compulsory.

10.     "NATIONAL GUARD" refers to members of any NATIONAL GUARD unit,

including the District of Columbia National Guard, deployed in the District of Columbia since on

or after August 11, 2025, including but not limited to the District of Columbia National Guard

and the National Guard units from Georgia, Louisiana, Mississippi, Ohio, South Carolina, South

Dakota, Tennessee, and West Virginia.

11.     "ORDERS" means official directives regarding the scope, purpose, and nature of

operations.

12.    "PERSON" as used herein means a natural person, firm, association, partnership, corporation, or other form of legal entity unless the context indicates otherwise.

13.    "PLAINTIFF" means the District of Columbia.

14.    "POLICIES AND PROCEDURES" refers to all reports, memoranda, legal opinions, correspondence, audits, policies, rules, ORDERS, formal and informal practices, general ORDERS, special ORDERS, FIELD OPERATION directives, unit ORDERS, and manuals, and any other guidance issued to or adopted by the Defendants.

15.    "RECORDS" refers to all RECORDS or COMMUNICATIONS preserved in electronic or written form, including but not limited to correspondence, DOCUMENTS, data, videotapes, audio tapes, e-mails, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, ORDERS, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, or studies.

16.    "RELATING TO" or "RELATED TO" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a DOCUMENT, subject, topic, issue, act, or occurrence, and includes, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, relating, showing, referring to, forming the basis of, containing, or supporting any event, act, or occurrence.

17.    "SUPPORTING" means evidencing, supporting, substantiating, validating, verifying, corroborating, proving, confirming, OR demonstrating.

18.    "YOU," "YOUR," and/or "WITNESS" mean the DEFENDANTS, as well as its employees AND representatives of the same.

## INSTRUCTIONS

1.      These requests seek all responsive DOCUMENTS in DEFENDANTS' possession, custody, or control; or in the possession, custody, or control of DEFENDANTS' agents, employees, representatives, accountants, attorneys (unless privileged), and all other PERSONS acting for DEFENDANTS or on DEFENDANTS' behalf for activities that occurred within the District of Columbia from August 11, 2025, through the present.

2.      All references to the plural include the singular, and all references to the singular include the plural. All references to the masculine gender include the feminine and neutral genders and vice versa.

3.      Produce all DOCUMENTS in the form, order, and manner in which they are regularly maintained, or, in the alternative, identify, by number, the request or requests pursuant to which DEFENDANTS are producing each document.  In the absence of an agreement to the contrary, PLAINTIFF requests that all electronically stored information ("ESI") be produced in a reasonably usable electronic format pursuant to Fed. R. Civ. P. 34(a)(1)(A).

4.      These requests are continuing in character so as to require DEFENDANTS to promptly produce supplemental DOCUMENTS if DEFENDANTS identify additional or different DOCUMENTS that are responsive at any time before trial in accordance with Fed. R. Civ. P. 26(e).

5.      A contention that some portion of the DOCUMENTS responsive to these requests may already be in the possession, custody, or control of PLAINTIFF does not excuse compliance with these requests.

6.      DEFENDANTS must produce the original or a copy of the original of each of the requested DOCUMENTS, as well as all non-identical copies, such as DOCUMENTS and drafts with notations, markings, and the like.

7.      If a DOCUMENT is undated but it appears otherwise responsive to a request, it should be produced.

8.      If a request seeks a DOCUMENT that is no longer in existence, please identify each such document, and with respect thereto:

      a.   Identify the information contained in the DOCUMENT;

      b.   State the circumstances under which the DOCUMENT ceased to exist; and

      c.   Identify all PERSONS who have knowledge or had knowledge of the DOCUMENT and its contents.

9.      If, in responding to these requests, DEFENDANTS encounter what DEFENDANTS deem to be an ambiguity when construing any request, instruction, or definition, please set forth the matter deemed ambiguous, and the construction used in responding.

10.     If DEFENDANTS elect to withhold any information or DOCUMENT under a claim of privilege, DEFENDANTS shall provide a list identifying each DOCUMENT for which privilege is claimed, and with respect thereto:

      a.   The date the DOCUMENT was produced or generated;

      b.   The name, address, and title of the person preparing the DOCUMENT;

      c.   The name, address, and title for or to whom the DOCUMENT was prepared or addressed;

      d.   The name, address, and title of all PERSONS to whom copies of the DOCUMENT were furnished or otherwise forwarded;

e.  Without revealing any privileged information, the subject matter and

content of the DOCUMENT; and

f.  The nature of the claim of privilege.

11.   The relevant period of time for these requests, unless otherwise indicated, is August

11, 2025, to the present.

12.   PLAINTIFF reserves the right to pose additional or supplemental requests as

discovery continues. By propounding these requests, PLAINTIFF does not concede that any

DOCUMENTS produced in response are relevant or admissible at trial.

## DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS reflecting the chain of command for NATIONAL GUARD units in

the District of Columbia.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS and COMMUNICATIONS reflecting any ORDERS or instructions

issued to NATIONAL GUARD units in the District of Columbia, including briefings, orders, and

instructions RELATED TO the rules for use of FORCE, rules of engagement, ORDERS to be

armed, or other POLICIES governing the activities of the NATIONAL GUARD and including

any revisions, amendments, or any other changes thereto.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS, agreements, or COMMUNICATIONS with governors, adjutants

general, or their designees RELATED TO the command, direction, or authorized activities for

NATIONAL GUARD units in the District of Columbia, including but not limited to any

memoranda of understanding or other documents reflecting the parameters set by state governors for the use of their respective National Guard units.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS relating to any deputization of NATIONAL GUARD troops in the District of Columbia, including but not limited to: documents reflecting which officers are authorized to give orders to deputized NATIONAL GUARD units; documents reflecting any limits on the scope of such deputizations; representative copies of the relevant USMS Special Deputation Appointments; applications for Special Deputation; and documents reflecting any exceptions granted to USMS Policy Directive 17.11.

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not already produced, all DOCUMENTS reflecting any ORDERS, instructions, POLICIES, or training provided to NATIONAL GUARD units on any LAW ENFORCEMENT ACTIVITIES, including supportive functions for civilian law enforcement, and patrols performed without the Metropolitan Police Department.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS and other DOCUMENTS that are referenced or relied upon in DEFENDANTS' Interrogatory responses.


Dated: September 18, 2025        Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
ELIZA H. SIMON (D.C. Bar No. 90035651)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

*/s/ Alicia M. Lendon*
ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

*/s/ Pamela Disney*
PAMELA DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)
CHRISTOPHER PEÑA (D.C. Bar No. 888324806)
CHARLES SINKS (D.C. Bar No. 888273315)
Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 807-0371
pamela.disney@dc.gov

*Attorneys for the District of Columbia*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>          Plaintiff,<br><br>   v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants. | Case No.: 1:25-cv-03005 (JMC) |

**DISTRICT OF COLUMBIA'S FIRST SET**
**OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, Plaintiff hereby requests that Defendants the United States Department of Defense; Peter Hegseth, in his official capacity as Secretary of the Department of Defense of the United States; the United States Army; Daniel P. Driscoll, in his official capacity as Secretary of the Army; the United States Department of Justice; Pamela J. Bondi, in her official capacity as Attorney General of the United States; the United States Marshals Service; and Gadyaces S. Serralta, in his official capacity as Director of the United States Marshals Service, (hereinafter "DEFENDANTS") answer these interrogatories, separately and under oath, on or by October 10, 2025.

**DEFINITIONS**

1.    "AND" and "OR" are terms of inclusion and not of exclusion and shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these requests any document or information that might otherwise be construed to be outside its scope.

2.    "ARREST" means use of legal authority to deprive a person of their freedom of movement.

3.    "COMMUNICATION" means the transmittal in any form—electronic, written, typed, spoken, or otherwise—of information, as well as any note, memorandum, or other record thereof.

4.    "DESCRIBE" means to provide a complete description AND explanation of the facts, circumstances, analysis, AND other information RELATING TO the subject matter of a specific interrogatory.

5.    "DETENTION" means a seizure of a person that results from physical restraint, unequivocal verbal commands, or words or conduct that would result in a reasonable person believing that they are not free to leave or otherwise disregard the order.

6.    "DOCUMENT" means the original and all non-identical copies and drafts and shall have the broadest possible meaning permitted under Fed. R. Civ. P. 34(a).

7.    "FORCE" means any physical effort or restraint used to obtain or attempt to obtain physical control of a person or their property (or effects).

8.    "IDENTIFY" means to state:

   a.  in the case of a natural PERSON, their name, business address AND telephone number, employer, AND title OR position;

   b.  in the case of a location, the address (including zip code) of that location;

   c.  in the case of a COMMUNICATION, its date, type (e.g. telephone conversation OR discussion), the place where it occurred, the identity of the PERSON who made the COMMUNICATION, the identity of the PERSON who received the

COMMUNICATION, the identity of each other PERSON present when it was made, AND the subject matter discussed;

d.  in the case of a DOCUMENT, the title of the DOCUMENT, the author, the title OR position of the author, the addressee, each recipient, the type of DOCUMENT, the subject matter, the date of preparation, its present location and custodian, its beginning Bates number, AND its total number of pages; and

e.  In the case of an event, state the date or time period of the event, the PERSONS involved in the event and its outcome, describe the circumstances that constituted or caused the event, the outcome of the event, and any other facts called for by the Interrogatory.

9.      "LAW ENFORCEMENT ACTIVITY" means pursuit, arrests, apprehension, detention, search, seizure, security patrols, presence patrols, traffic control, crowd control, riot control, evidence collection, interrogation, informant operations, and any other activity where civilians are subjected to authority that is regulatory, proscriptive, or compulsory.

10.     "NATIONAL GUARD" refers to members of any NATIONAL GUARD unit deployed in the District of Columbia since, on, or after August 11, 2025, including but not limited to the District of Columbia National Guard and the National Guard units from Georgia, Louisiana, Mississippi, Ohio, South Carolina, South Dakota, Tennessee, and West Virginia.

11.     "ORDERS" means official directives regarding the scope, purpose, and nature of operations as well as ORDERS to deploy.

12.     "PERSON" as used herein means a natural person, firm, association, partnership, corporation, or other form of legal entity unless the context indicates otherwise.

13.     "PERSONNEL" as used herein means all employees (full-time, temporary, or contracted), of the DEFENDANTS including members of the NATIONAL GUARD.

14.     "PLAINTIFF" means the District of Columbia.

15.     "POLICIES AND PROCEDURES" refers to all reports, memoranda, legal opinions, correspondence, audits, policies, rules, ORDERS, formal and informal practices, general ORDERS, special ORDERS, directives, unit ORDERS, and manuals, and any other guidance issued to or adopted by the Defendants.

16.     "RELATING TO" or "RELATED TO" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a DOCUMENT, subject, topic, issue, act, or occurrence, and includes, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, relating, showing, referring to, forming the basis of, containing, or supporting any event, act, or occurrence.

17.     "SUPPORTING" means evidencing, supporting, substantiating, validating, verifying, corroborating, proving, confirming, OR demonstrating.

18.     "YOU," "YOUR," and/or "WITNESS" mean the DEFENDANTS, as well as its employees AND representatives of the same.

## **INSTRUCTIONS**

1.     In answering these Interrogatories, furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to DEFENDANTS for activities that took place in the District of Columbia from August 11, 2025, to the present. No part of an Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory. If DEFENDANTS are unable to answer fully any of these Interrogatories,

then DEFENDANTS must answer them to the fullest extent possible, specifying the reasons for any inability to answer the remainder, and stating whatever information, knowledge, or belief DEFENDANTS have concerning the unanswerable portion.

2.      Under Rule 33(b)(3) of the Federal Rules of Civil Procedure, each Interrogatory must be answered separately and fully in writing. To the extent it is necessary to supplement a written response by reference to certain DOCUMENTS and/or electronically stored information ("ESI") that has been provided, or will be provided, during discovery in this action, each such reference should be specific in nature, narrowly tailored to address separately the substance of the corresponding Interrogatory, and accompanied by a sufficient written response to provide a full and complete answer to the substance of each and every Interrogatory.

3.      If DEFENDANTS elect to produce business records in response to any Interrogatory pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, DEFENDANTS must identify and produce all DOCUMENTS in the form, order, and manner in which they are regularly maintained, or, in the alternative, identify, by number, the request or requests pursuant to which DEFENDANTS are producing each document. In the absence of an agreement to the contrary, PLAINTIFF requests that all electronically stored information ("ESI") be produced in a reasonably usable electronic format pursuant to Fed. R. Civ. P. 34(a)(1)(A).

4.      These Interrogatories are continuing in character so as to require DEFENDANTS to promptly produce supplemental responses or identify additional documents if DEFENDANTS identify additional or different information or DOCUMENTS that are responsive at any time before trial in accordance with Fed. R. Civ. P. 26(e).

5.      Where knowledge or information in DEFENDANTS' possession is requested, such request shall be construed to include knowledge of DEFENDANTS, including without

limitation, agents, employees, representatives, accountants, attorneys, and all other persons acting on DEFENDANTS' behalf.

6.      If identification of a date or time period is requested and the exact date or time period is not known, provide the month and year if known.

7.      If any Interrogatory asks for information that could at some time have been answered by producing, consulting, or referring to DOCUMENTS that are no longer in existence, please identify each DOCUMENT and regarding each one:

    a.  Identify the information contained in each such DOCUMENT;

    b.  State the circumstances under which each document ceased to exist; and

    c.  Identify all persons who have knowledge or had knowledge of each document and the contents thereof.

8.      If DEFENDANTS elect to withhold any information, COMMUNICATION, or DOCUMENT under a claim of privilege, DEFENDANTS shall provide a list identifying each COMMUNICATION or DOCUMENT for which privilege is claimed, and with respect thereto:

    a.  The date the COMMUNICATION or DOCUMENT was produced or generated;

    b.  The name, address, and title of the person preparing the COMMUNICATION or DOCUMENT;

    c.  The name, address, and title for or to whom the COMMUNICATION or DOCUMENT was prepared or addressed;

    d.  The name, address, and title of all PERSONS to whom copies of the COMMUNICATION or DOCUMENT were furnished or otherwise forwarded;

    e.  Without revealing any privileged information, the subject matter and content of the COMMUNICATION or DOCUMENT; and

     f.   The nature of the claim of privilege.

9.     PLAINTIFF preserves the right to pose additional or supplemental Interrogatories as discovery continues. By propounding these Interrogatories, PLAINTIFF does not concede that any documents produced in response are relevant or admissible at trial.

10.    All references to the plural include the singular, and all references to the singular include the plural. All references to the masculine gender include the feminine and neutral genders and vice versa.

11.    Unless otherwise specified in the individual interrogatory, the relevant time period for these interrogatories is August 11, 2025, to the present.

### INTERROGATORIES

1.     For each NATIONAL GUARD unit that has received ORDERS to the District of Columbia on or after August 11, 2025, IDENTIFY the chain of command that the unit has been instructed to follow while in the District of Columbia. To the extent that the chain of command has changed over time, IDENTIFY any changes.

2.     DESCRIBE what ORDERS and instructions NATIONAL GUARD PERSONNEL have received RELATED TO any actions they are authorized to take RELATED TO any deployment RELATED TO the MARCH 28 EXECUTIVE ORDER, AUGUST 11 PRESIDENTIAL MEMORANDUM, and/or AUGUST 25 EXECUTIVE ORDER, including actions and activities on both federal and non-federal property.

3.     DESCRIBE the training(s) given to the NATIONAL GUARD for the purpose of deployment to the District of Columbia and RELATED TO their roles and responsibilities prior to or since their deployment in the District of Columbia, including, but not limited to, any training relating to supporting or conducting LAW ENFORCEMENT ACTIVITIES.

Dated: September 18, 2025          Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
ELIZA H. SIMON (D.C. Bar No. 90035651)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

*/s/ Alicia M. Lendon*
ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

*/s/ Pamela Disney*
PAMELA DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)
CHRISTOPHER PEÑA (D.C. Bar No. 888324806)
CHARLES SINKS (D.C. Bar No. 888273315)
Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 807-0371
pamela.disney@dc.gov

*Attorneys for the District of Columbia*

8