UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>                    Plaintiff,<br><br>       v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                    Defendants. | Case No. 25-cv-3005 (JMC) |

## ORDER

Plaintiff District of Columbia challenges the deployment of over 2,300 National Guard troops in the District. It brought this suit against President Donald J. Trump; against the Department of Defense, Secretary of Defense Peter B. Hegseth, the U.S. Army, and Secretary of the Army Daniel P. Driscoll (collectively, "DOD Defendants"); and against the Department of Justice, Attorney General Pamela J. Bondi, the U.S. Marshals Service, and its Director Gadyaces S. Serralta (collectively, "DOJ Defendants").[1] On September 9, 2025, Plaintiff filed a motion for a preliminary injunction, seeking, among other relief, to enjoin Defendants from "deploying National Guard troops to conduct law enforcement in the District of Columbia" and from "exercising command and control of out-of-state National Guard troops." ECF 3-6 at 1.[2] On the same day, Plaintiff also filed a motion for expedited discovery in support of its motion for a preliminary injunction. ECF 4.

On September 18, 2025, the Court held a hearing on Plaintiff's expedited discovery motion.

---

[1] The individual Defendants are sued in their official capacities.

[2] All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

Sept. 18, 2025 Min. Entry. The Court found that Plaintiff's initial discovery requests, ECF 4-1, were overly broad and burdensome on Defendants. After the hearing, Plaintiff filed a notice of revised discovery requests. ECF 43.

Based on the record before it and the issues raised at the hearing, the Court finds that limited expedited discovery is appropriate in this case. *See* Fed. R. Civ. P. 26(d) (Advisory Committee's note to 1993 amendment) (Discovery can be expedited in cases as appropriate, including "those involving requests for a preliminary injunction."). As the Parties discussed at the hearing, there are significant factual disputes relevant to deciding Plaintiff's preliminary injunction motion, including the extent of Defendants' command and control over out-of-state National Guard units and the instructions and training that National Guard units have been given. As a result, the Court will order DOD and DOJ Defendants to respond to Plaintiff's narrowed Requests for Production of documents. ECF 43 at 9–10 (listing Requests for Production No. 1–6). DOD and DOJ Defendants are also required to respond to Plaintiff's Interrogatory No. 1. *Id*. at 18.

The Court finds that this limited expedited discovery is reasonable and proportional in light of the circumstances of this case, particularly in aiding the Court's efficient resolution of Plaintiff's preliminary injunction motion. *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98 (D.D.C. 2014). While normally the Court would not order discovery while a motion to dismiss is pending, given the expedited timeline and overlap of issues, the Court plans to resolve the motion to dismiss and preliminary injunction motion simultaneously. ECF 3, 35. As discussed above, limited discovery on key factual issues will aid the Court in doing so. Additionally, the Court has narrowed the scope of discovery to minimize the burden on Defendants. *See Guttenberg*, 26 F. Supp. 3d at 98. First, at the hearing, Plaintiff voluntarily withdrew its request to seek any discovery from the President or the White House. Second, the Court ruled that no depositions would be permitted at this time.

Finally, the Court has cabined the discovery primarily to the production of documents. Even for the one interrogatory that Defendants are ordered to respond to, Defendants are free to answer by specifying the responsive records. *See* Fed. R. Civ. P. 33(d). The Court finds that limiting discovery to document production is appropriate because Plaintiff has not shown that any of the orders or instructions it seeks have failed to be memorialized in writing. If Plaintiff reviews Defendants' document production and finds there to be significant gaps or holes in the record, the Court will consider further discovery requests at that time.

For the reasons stated, it is hereby **ORDERED** that Plaintiff's Motion for Expedited Discovery, ECF 4, is **GRANTED** in part and **DENIED** in part.

DOD and DOJ Defendants are **ORDERED** to respond to Requests for Production No. 1, 2, 3, 4, 5, and 6 and Interrogatory No. 1 in Plaintiff's Notice of Revised Discovery Requests, ECF 43. DOD and DOJ Defendants may answer the Interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). DOD and DOJ Defendants' responses are due by **October 10, 2025**.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: September 19, 2025