IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>                  Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                  Defendants. | Case No. 25-cv-3005 (JMC) |

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

*Amicus curiae* Constitutional Accountability Center (CAC) respectfully moves for leave to file the attached brief in support of Plaintiff's opposition to Defendants' motion to dismiss in the above-captioned case. Counsel for all parties have consented to the filing of this brief. In support of this motion, *amicus* states:

    1.    Constitutional Accountability Center is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and to protect the rights, freedoms, and structural safeguards that our nation's charter guarantees. Accordingly, CAC has an interest in this case.

    2.    CAC routinely files *amicus* briefs in the federal courts discussing questions of constitutional and statutory interpretation, and these briefs have been cited and relied upon by the Supreme Court, courts of appeals, and district courts. Thus, CAC has developed expertise in addressing the kinds of interpretive questions at issue here, and its brief provides more detail on certain questions than the parties can provide.

3. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs.*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *Microsoft Corp.*, 2002 WL 319366, at *3 (same).

4. The proposed, attached *amicus* brief satisfies these standards. It addresses two questions central to the motion to dismiss: (1) whether any legal authority permits Defendants to impose a law enforcement mission on the D.C. National Guard, and (2) whether any legal authority permits Defendants to bring out-of-state National Guard units into the District of Columbia to participate in that mission. The *amicus* brief explains why the answer to both questions is no. First, the brief clarifies that presidents have no inherent constitutional authority

to deploy the D.C. Guard as a crime-reduction force, despite Defendants' fleeting gestures to the contrary.  Next, the brief discusses why no statute authorizes Defendants to transform the D.C. Guard into an auxiliary police force.  Examining text, context, canons of statutory interpretation, and opinions from the Justice Department's Office of Legal Counsel, the brief explains why the term "other duties" in Section 49-102 of the D.C. Code lacks the broad meaning Defendants ascribe to it.  Finally, the brief shows that Defendants also lack authority to use out-of-state National Guard troops to promote crime reduction.  Although Defendants argue that 32 U.S.C. § 502(f)(2) empowers them to use a willing state's troops for any activity the President might devise, the *amicus* brief demonstrates why the term "operations or missions" in that provision cannot support the immense power Defendants claim from it.  Among other things, the brief shows that this reading would allow presidents to sidestep the limitations Congress has imposed on military participation in law enforcement, while implausibly allowing armed soldiers from elsewhere to police the District even though those soldiers are outside the disciplinary control of any officials in Washington, D.C.

5.  All parties have consented to the filing of this brief.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted.  A proposed order is enclosed with this motion.

Respectfully submitted,

Dated: October 7, 2025

*/s/ Brianne J. Gorod*
Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
Brian R. Frazelle (DC Bar No. 1014116)
CONSTITUTIONAL ACCOUNTABILITY CENTER
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org