# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**, <br><br> Plaintiff, <br><br> v. <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Defendants. | Case No.: 1:25-cv-03005 (JMC) |

## NOTICE OF ERRATA

Defendants, by undersigned counsel, submit this Errata to clarify two issues regarding their Supplemental Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction and in Support of Defendants' Motion to Dismiss, ECF No. 72 ("Supplemental Brief").

*First*, notwithstanding the title on the cover page, Defendants' Supplemental Brief addresses only Plaintiff's preliminary injunction motion, as briefing on Defendants' motion to dismiss is both closed and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is not amenable to resolution based on facts raised through discovery.

*Second*, page two of the Supplemental Brief includes the following sentence: "Under settled law, out-of-District National Guard units operating under The Emergency Management Assistance Compact (EMAC) orders remain in Title 32 status under the command of their respective governors and adjuncts general." Supplemental Brief at 2 (citing Pl.'s Mem. in Supp. of Prelim. Inj. at 29, ECF No. 3-1 ("Pl.'s PI Mem.")). That sentence's reference to EMAC was included in error as out-of-District National Guard units are not operating pursuant to EMAC. Instead, as noted throughout the parties' briefing, out-of-District National Guard units are all operating in Title 32 status. *See* Defs.' Combined Mem. in Opp. To Pl.'s Mot. for Prelim. Inj. and in Supp. of Defs.' Mot. to Dismiss at 20, 22, ECF No. 34; Pl.'s PI Mem. at 29 ("out-of-

1

state National Guard units called into the District are all in state militia status under Title 32"). Other references in Defendants' Supplemental Brief similarly should not have referred to EMAC. *See, e.g.,* Supplemental Brief at 4 (stating "Contrary to Plaintiff's claim, the MOUs reaffirm that out-of-state National Guard troops deployed under EMAC remain under the command of their respective governors and adjutants general."); Supplemental Brief at 5 (stating "The MOUs, thereby, ensure consistency and safety in joint operations within the District while maintaining the sovereign command of the participating states, precisely the structure Congress and EMAC contemplate."); Supplemental Brief at 7 (stating "Plaintiff might have standing to vindicate specific rights that they (wrongly) say the Mayor has under D.C. law or the EMAC—but Plaintiff simply does not suffer any freestanding sovereign injury or other injury because it has no freestanding sovereign power to vindicate.") (citation omitted).

Dated:  October 24, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOHN BAILEY
Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special counsel

ANDREW M. BERNIE
Civil Division, U.S. Department of Justice

*/s/ Kian K. Azimpoor*
KIAN KEVIN AZIMPOOR
U.S. Department of Justice
Trial Attorney
Civil Division, Federal Programs Branch 1100
L Street, NW

>Washington, D.C. 20005
>Phone: 202-598-0860
>Email: kian.k.azimpoor@usdoj.gov

*Attorneys for Defendants*