UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-03005 (JMC)<br><br>Judge Jia M. Cobb |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the District of Columbia respectfully submits, as supplemental authority, the decision issued yesterday by the Chancery Court for the State of Tennessee in *Harris v. Lee*, No. 25-1461-I (Tenn. Ct. Ch. Nov. 17, 2025) (Ex. 1). In this case, the mayor of Shelby County and several other state and local officials challenged the Tennessee governor's deployment of the Tennessee National Guard for the stated purpose of "reduc[ing] violent crime" in Memphis. Ex. 1, at 10. Much like here, the governor deployed these forces in Title 32 status at the request of the President and the Secretary of Defense, and the U.S. Marshals Service "specially deputized" them "to support and assist with law enforcement activities." *Id.* at 9-10.

On November 17, the Tennessee Chancery Court granted a temporary injunction barring the deployment. *Id.* at 35. As relevant, it concluded that the plaintiffs were likely to succeed on the merits of their claim that the deployments "exceed[ed] [the governor's] statutory authority as commander-in-chief of the state's military forces." *Id.* at 27-28. The court explained that the Tennessee Military Code authorizes the governor to order the National Guard into active service in only two circumstances: during a "grave emergency," such as an "invasion," "riot," or "combination to oppose the enforcement of the law by force or violence," *id.* at 28 (quoting

1

Tenn. Code Ann. § 58-1-106(a)), or "upon the request of the governing body of the city or county" based upon the determination that there is "a 'breakdown of law and order, a grievous breach of the peace, a riot, resistance to process of this state, or disaster, or imminent danger thereof,'" *id.* at 30-31 (quoting Tenn. Code Ann. § 58-1-106(c)).  The court held that the deployment was likely unlawful because "[f]ighting crime and supporting law enforcement agencies are not among the listed emergency conditions," and because there was no evidence of "any request by the governing bodies of either Shelby County or the City of Memphis."  *Id.* at 30-31.  Further, the court found that the plaintiffs were suffering irreparable harm because the deployment "interfer[ed] with [the mayor's] official duties," and that the public interest favored injunctive relief because "[t]h[e] residents of Memphis . . . have a strong interest in not being subjected to domestic military occupation for law enforcement purposes under circumstances where it is not statutorily authorized."  *Id.* at 32, 34.

       This decision reinforces the appropriateness of injunctive relief here.  The President operates with respect to the D.C. National Guard much like a governor with respect a state's National Guard, and the D.C. Militia Code was patterned after state militia codes.  Indeed, D.C. Code § 49-103 closely mirrors Tenn. Code Ann. § 58-1-106(c), which authorizes the deployment of National Guard troops "upon the request" of local officials to suppress "riot[s]" and similar disturbances.  Just as the governor exceeded his statutory authority by deploying the Tennessee National Guard to engage in law enforcement, the President exceeded his comparable statutory authority by deploying DCNG for comparable purposes.  And the equities weigh similarly: The deployment of DCNG and out-of-state troops in the District "interfer[es] with [the Mayor's] official duties," and the public interest strongly disfavors subjecting the residents of the District to unlawful "military occupation for law enforcement purposes."  *Id.* at 34.

Dated: November 18, 2025

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
ELIZA H. SIMON (D.C. Bar No. 90035651)
Senior Counsels to the Attorney General

/s/ Mitchell P. Reich
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsel to the Attorney General

BENJAMIN MOSKOWITZ (D.C. Bar No. 1049084)
Assistant Deputy Attorney General
Legal Counsel Division

ALICIA M. LENDON (D.C. Bar No. 1765057)
Chief, Civil Rights and Elder Justice Section
Public Advocacy Division

PAMELA DISNEY (D.C. Bar No. 1601225)
ANDREW MENDRALA (D.C. Bar No. 1009841)
CHARLES SINKS (D.C. Bar No. 888273315)
HANNAH COLE-CHU (D.C. Bar No. 1613497)
NICOLE S. HILL (D.C. Bar No. 888324938)
Assistant Attorneys General

Office of the Attorney General for
 the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 279-1261
mitchell.reich@dc.gov

*Attorneys for the District of Columbia*