UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**,<br><br>Plaintiff,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>Defendants. | Case No.: 1:25-cv-03005 (JMC) |

## MOTION FOR SUMMARY JUDGMENT BRIEFING SCHEDULE

Plaintiff the District of Columbia respectfully moves the Court for an order setting a summary judgment briefing schedule in this case. Proceeding now to summary judgment would promote judicial efficiency, aid the D.C. Circuit's consideration of these issues, and ensure that ongoing harms to the District are expeditiously remedied. Pursuant to Local Civil Rule 7(m), counsel for Plaintiff has conferred with counsel for Defendants regarding this Motion and Defendants have informed counsel that they do not consent to the relief requested.

### PROCEDURAL BACKGROUND

On September 4, 2025, the District filed a complaint challenging the deployment of National Guard troops from the District and several other states. ECF No. 1. The District moved for a preliminary injunction and a stay under 5 U.S.C. § 705. ECF No. 3. Defendants opposed this motion and moved to dismiss the complaint on September 16, 2025. ECF Nos. 34, 35. Following expedited discovery, on November 20, 2025, this Court granted the District's motion for preliminary relief and found the District likely to succeed on its claims that the deployment of both the D.C. National Guard and out-of-state National Guard forces is unlawful. ECF No. 88. The Court also found that the deployments inflict irreparable harm on the District by usurping its home

1

rule authority over law enforcement. *Id.* at 57-59. The Court denied Defendants' motion to dismiss as to those claims. *Id.* at 2. The Court declined to address the District's request for preliminary relief on, or the Defendants' request to dismiss, the District's additional claims related to the Posse Comitatus Act, the restrictions imposed by 10 U.S.C. § 275 and its implementing regulations, and improper federal command and control over the state National Guard units. *See id.* at 11-12.

Defendants appealed this Court's Order on November 25, 2025, and the next day, they sought an administrative stay and stay pending appeal. *See* ECF No. 92; *see also District of Columbia v. Trump*, No. 25-5418, Em. Mot. for Admin. Stay (D.C. Cir. Nov. 26, 2025). A D.C. Circuit panel entered an administrative stay on December 4, 2025, and granted Defendants' motion for a stay pending appeal on December 17, 2025. *District of Columbia v. Trump*, No. 25-5418, 2025 WL 3673674, at *2 (D.C. Cir. Dec. 17, 2025). The panel emphasized that its assessment of the merits was "rooted in the preliminary and hurried posture of a stay motion." *Id.* It further noted that, because this Court had not yet addressed the District's claims relating to the Posse Comitatus Act and the improper "exercise[e] of federal command and control over the State Guards," the stay panel "d[id] not reach those issues either." *Id.*

## LEGAL STANDARD

"District courts enjoy broad discretion when deciding case management and scheduling matters," including the schedule for summary judgment briefing. *McGehee v. U.S. Dep't of Justice*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019). A party may move for summary judgment "at any time," Fed. R. Civ. P. 56(b), "even as early as the commencement of the action," Fed. R. Civ. P. 56(c)(1), committee's note to the 2009 amendment.

**ARGUMENT**

**I.    Proceeding to Summary Judgment Briefing is Appropriate in this Case.**

This matter is ready to proceed directly to summary judgment briefing, which will aid the efficient resolution of this important case. Summary judgment briefing at this stage is appropriate for three reasons. *First*, summary judgment, not a motion to dismiss, is the most efficient mechanism for resolving the full case; *second*, further discovery is not needed; and *third*, summary judgment proceedings will aid and streamline appellate proceedings.

*First*, although part of Defendants' motion to dismiss remains pending, summary judgment is the appropriate mechanism by which to resolve this case. The Court has already denied Defendants' motion to dismiss two of the District's claims, ECF No. 88 at 2, so they are ripe for decision on the merits. *See* Fed. R. Civ. P. 56(b) (noting that a party may move for summary judgment "at any time"). And the parties have already extensively briefed the merits of all of the claims in the context of the motion for preliminary injunction and motion to dismiss—briefing that will be largely duplicated by any summary judgment briefing. Consolidating the remainder of Defendants' motion to dismiss with summary judgment briefing is the most efficient and economical way to resolve this case.

That is particularly so given that several of the District's claims are brought under the Administrative Procedure Act (APA). Courts routinely convert a pending motion to dismiss to one for summary judgment in cases reviewing administrative action. *See Cumberland Pharms. Inc., v. Food & Drug Admin.*, 981 F. Supp. 2d 38, 47 (D.D.C. 2013). Indeed, the D.C. Circuit has concluded that when faced with a motion to dismiss APA claims, "[i]t is probably the better practice for a district court" to proceed to summary judgment. *Bd. of Comm'rs of Cherokee Cnty.,*

*Kan. v. Jewel*, 956 F. Supp. 2d 116, 121 (D.D.C. 2013) (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 & n.5 (D.C. Cir. 1993)).

Furthermore, in similar cases involving the review of administrative action, courts in this District and others routinely move quickly from preliminary relief to summary judgment, often within a matter of a few months. *See, e.g.*, *Planned Parenthood of Greater New York v. HHS*, No. 25-cv-2453 (D.D.C.; Howell, J.) (denying TRO on July 31, 2025, and granting summary judgment on October 7, 2025); *O.A. v. Trump*, No. 18-cv-2718 (D.D.C.; Moss, J.) (holding PI in abeyance on December 17, 2018, and granting summary judgment on August 2, 2019); *Rhode Island v. Trump*, No. 25-cv-128 (D.R.I.) (granting PI on May 6, 2025, and granting summary judgment on November 24, 2025); *California v. Dep't of Transportation*, No. 25-cv-208 (D.R.I.) (granting PI on June 17, 2025, and granting summary judgment on November 4, 2025); *Washington v. Dep't of Education*, No. 25-cv-1228 (W.D. Wash.) (granting PI on October 27, 2025, and granting summary judgment on December 19, 2025). This Court may follow this well-trodden path to quickly resolve this case in the same way.

*Second*, additional discovery is not needed. Defendants have produced much of the administrative record as part of the expedited discovery already conducted in this case. *See* ECF No. 88 at 13 n.8. And to the extent the District's claims require consideration of evidence outside the administrative record, the record developed in expedited discovery is sufficient.

*Third*, prompt summary judgment briefing on all claims will also aid and streamline appellate proceedings. As the D.C. Circuit panel noted, its stay opinion did not reach all of the District's claims because this Court has not yet addressed them. 2025 WL 3673674, at *2. Delaying resolution of the District's outstanding claims will potentially require two sequential appeals, which would be unnecessarily time- and resource-intensive, particularly given the urgency of this

4

case. Further, the claims that this Court has not yet resolved may inform the D.C. Circuit's consideration of the claims that have been addressed preliminarily. For example, if the Posse Comitatus Act or 10 U.S.C. § 275 applies, the Court will need to find that the deployments have been "expressly authorized by the Constitution or Act of Congress." 18 U. S. C. § 1385. Sequential District Court decisions and appeals will only serve to needlessly draw out the litigation, waste judicial resources, and overly complicate proceedings. Proceeding now to summary judgment will present all of the issues cleanly on appeal and allow the case to be resolved more quickly.[1]

## II. Proposed Schedule

In order to resolve this case efficiently, the District respectfully proposes the following briefing schedule for cross-motions for summary judgment:

- **January 30, 2026**: Defendants complete and certify the administrative record;[2]

- **February 27, 2026**: Plaintiff files its motion for summary judgment;

- **March 30, 2026**: Defendants file their opposition to Plaintiff's motion and any cross-motion for summary judgment;

- **April 14, 2026**: Plaintiff files its reply in support of its motion for summary judgment and opposition to any cross-motion for summary judgment; and

- **April 29, 2026**: Defendants file their reply in support of any cross-motion for summary judgment.

---

[1] For many of the same reasons, it would also be inefficient and wasteful to stay District Court proceedings pending the current appeal, as Defendants suggested during the parties' conferral. Doing so would necessarily result in sequential appeals and further complicate and delay resolution of this case. This approach would not only prejudice the District, but also waste judicial resources.

[2] If the parties are permitted to proceed directly to summary judgment briefing, Plaintiff would consent to waiving the requirement that Defendants file an answer to the complaint.

In lieu of full summary judgment briefing, the District would also be amenable to resting on its prior papers and filing a single supplemental brief addressing the D.C. Circuit's stay decision and other intervening developments. If the Court is not inclined to grant the relief the District seeks here and instead wishes to resolve the portions of Defendants' pending motion to dismiss, the District requests the opportunity to file a supplemental brief addressing the D.C. Circuit's stay decision and other recent developments.

## CONCLUSION

For the foregoing reasons, the District respectfully requests that the Court order the schedule for summary judgement briefing set forth above.

Date:   January 6, 2026        Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (D.C. Bar No. 1026153)
MITCHELL P. REICH (D.C. Bar No. 1044671)
Senior Counsels to the Attorney General

/s/ *Eliza H. Simon*
ELIZA H. SIMON (D.C. Bar No. 90035651)
Senior Counsel to the Attorney General

/s/ *Andrew Mendrala*
ANDREW MENDRALA (D.C. Bar No. 1009841)
Assistant Attorney General
Office of the Attorney General for
 the District of Columbia
400 6th Street NW, 10th Floor
Washington, D.C. 20001
Tel: (202) 724-9726
Andrew.Mendrala@dc.gov

*Attorneys for the District of Columbia*