# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**, <br><br> Plaintiff, <br><br> v. <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Defendants. | Case No.: 1:25-cv-03005 (JMC) |

### COMBINED MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS'
### MOTION TO STAY FURTHER
### DISTRICT COURT PROCEEDINGS
### AND IN OPPOSITION TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT
### BRIEFING SCHEDULE

Plaintiff asks this Court to proceed immediately to a summary judgment briefing schedule on "all claims" in the case even though several of those claims and associated arguments—which involve pure issues of law—are currently being reviewed by the D.C. Circuit, which has already granted a stay of this Court's preliminary injunction. Pl.'s Mot. for Summ. J. Briefing Schedule at 4, ECF No. 97; *District of Columbia v. Trump*, No. 25-5418, 2025 WL 3673674, at *2 (D.C. Cir. Dec. 17, 2025) ("*D.C. v. Trump*"). This Court has also not yet decided Defendants' motion to dismiss as to the remaining claims. Mem. Op. at 11-12, ECF No. 88. Plaintiff's proposal would thus result in the needless expenditure of the parties' and the Court's time and resources twice over: first by requiring the parties to re-litigate issues (and have this Court re-decide issues) that are currently being reviewed by the D.C. Circuit, and second by requiring the parties to re-brief issues on which this Court has not yet issued a decision on Defendants' pending motion.

The better course would be for this Court to stay further proceedings pending a decision by the D.C. Circuit. That court has already cast doubt on the viability of those claims that form the core of Plaintiff's lawsuit. And in so doing, that court also noted that Plaintiff will not suffer any prejudice through the issuance of a stay pending appeal—that same analysis supports a decision to stay further district court proceedings to give the D.C. Circuit a full opportunity to provide guidance to this Court and the parties. In the alternative, if the Court is not inclined to grant a stay at this time, the Court should defer consideration of Plaintiff's motion for a summary judgment briefing schedule until the Court decides the remainder of Defendants' motion to dismiss and the scope of the issues before the Court becomes clearer.

At minimum, if this Court is inclined to proceed directly to summary judgment, it should make clear that Defendants need not file an Answer, produce additional discovery, or file a certified list of the contents of an administrative record. Plaintiff has already explicitly agreed to these first two conditions and has waived the ability to challenge the third through its request for discovery in lieu of an administrative record and its representations that it already has all the information it needs to proceed to summary judgment—the exact same information it had at the preliminary injunction briefing stage. And if the Court grants Plaintiff's motion, it should provide the parties with an opportunity to negotiate a briefing schedule, as circumstances may have changed that would affect any schedule by the time the Court resolves Plaintiff's motion.

**PROCEDURAL BACKGROUND**

The Court granted Plaintiff's motion for a preliminary injunction as to its Administrative Procedure Act ("APA") "contrary to law" claims concerning the Home Rule Act, Emergency Management Assistance Compact, and Title 32 against the Department of Defense Defendants and denied Defendants' motion to dismiss as to those claims. Mem. Op. at 11-12, ECF No. 88.

Further, the Court declined to address the remaining claims challenged by Defendants' motion to dismiss, including Plaintiff's Posse Comitatus Act ("PCA") claim and related theories, stating that it "will resolve Defendants' motion to dismiss those claims separately." *Id.* at 12. A decision on those claims remains pending.

Subsequently, Defendants appealed the preliminary injunction and sought an administrative stay and stay pending appeal. *See* Notice of Appeal, ECF No. 92; *see also* Em. Mot. for Admin. Stay, *District of Columbia v. Trump*, No. 25-5418 (D.C. Cir. Nov. 26, 2025). The D.C. Circuit entered an administrative stay and subsequently granted Defendants' motion for a stay pending appeal. *D.C. v. Trump*, 2025 WL 3673674, at *1-3. The panel concluded that Defendants "will likely succeed in showing that the guard deployments are lawful under 32 U.S.C. § 502(f) and D.C. law." *Id.* at *11. "On its face, Section 502(f)(2) appears likely to authorize the deployment of the D.C. Guard and the State Guards in this instance." *Id.* at *12. On this point, the Court noted that "[e]ven were we to accept the district court's reading of Section 502(f)(2)(A), the Defendants have still shown that they are likely to succeed on appeal." *Id.* at *16. "As for deployment of the State Guards, the Defendants are also likely to succeed in showing that they acted within the bounds of Title 32." *Id.* at *19. The D.C. Circuit further noted that this Court had not yet addressed Plaintiff's claims relating to the PCA and the improper "exercis[e] [of] federal command and control over the State Guards." *Id.* at *2.

Plaintiff now seeks to proceed directly to summary judgment briefing notwithstanding the ongoing appeal and unresolved motion to dismiss. ECF No. 97.

**ARGUMENT**

I. **The Court Should Stay Proceedings Because the D.C. Circuit Will Provide Guidance for Resolution of the Bulk of This Lawsuit.**

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "'A stay is not a matter of right . . . [,]' [i]t is 'instead an exercise of judicial discretion' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Nken v. Holder*, 556 U.S. 418, 433 (2009) (second alteration in original) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-73 (1926)). A party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

Although Plaintiff obtained a preliminary injunction from this Court, that injunction was stayed by the D.C. Circuit. In so doing, the D.C. Circuit noted that "Defendants appear on this early record likely to prevail on the merits of their argument that the President possesses a unique power within the District—the seat of the federal government—to mobilize the Guard under 32 U.S.C. § 502(f). It also appears likely that the D.C. Code independently authorizes the deployment of the D.C. Guard." *See D.C. v. Trump*, 2025 WL 3673674, at *2.

Plaintiff nonetheless wishes to proceed on an expedited basis to summary judgment briefing. But that makes little sense here, where the issues before the D.C. Circuit are purely legal, and the court's decision is likely to provide authoritative—or, at the very least, near authoritative—guidance on the merits of those claims. Rather than expediting summary judgment briefing, the wiser course would be to stay further proceedings.

Plaintiff asserts that proceeding to summary judgment will "aid and streamline appellate proceedings." ECF No. 97 at 4. Not so. In making that argument, Plaintiff ignores that it is seeking a briefing schedule on "all claims," which would include those claims currently on appeal. Having to expend time and resources litigating the same claims on purely legal issues in both this Court and the D.C. Circuit would be a wholly unnecessary diversion of the parties' resources and would be contrary to principles of judicial economy. *Cf. Philipp v. Federal Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) (staying proceedings pending interlocutory appeal where "Defendants [have] raised several dispositive issues"). Although the D.C. Circuit noted that the case was reaching them in a preliminary posture, *D.C. v. Trump*, 2025 WL 3673674, at *26, the arguments that the parties presented in district court were both fully developed and supported by a complete record. Indeed, Plaintiff implicitly acknowledged as much in stating that it has no need for further discovery. ECF No. 97 at 4. Nor does Plaintiff address the possibility that any decision that the D.C. Circuit may issue could potentially impact this Court's analysis of claims that are not yet subject to appeal. For example, a decision by the D.C. Circuit that Defendants did not exceed their authority under the D.C. Code in deploying the D.C. National Guard could affect any analysis of the PCA claims to the extent the D.C. Code provisions speak in terms of assisting civil authorities in executing the laws.

By contrast, staying proceedings in this Court will not "work damage" to Plaintiff. Plaintiff asserts, in a footnote, that staying proceedings would "prejudice the District," ECF No. 97 at 5 n.1, but in granting a stay pending appeal the D.C. Circuit explicitly noted that, "[a]s for the District's harms, our preliminary determination that the merits favor the Defendants means that the District has not identified any ongoing injury to its statutory interests," and "[t]he other harms that the District identifies are not supported by the preliminary record before us." *D.C. v. Trump*, 2025 WL 3673674, at *2.

5

Lastly, the public interest strongly favors staying further proceedings in this Court pending resolution of the appeal. As noted above, Plaintiff's asserted public interest harm—an alleged infringement of its "sovereignty and right to self-governance"—has already been considered and rejected by the D.C. Circuit in granting a stay pending appeal. Compl. ¶6, ECF No. 1; *see D.C. v. Trump*, 2025 WL 3673674, at *3. That conclusion forecloses Plaintiff's attempt to recast the same alleged harms as a basis for expedited summary judgment briefing. And, although in a different context, the D.C. Circuit identified affirmative public interest considerations supporting restraint rather than acceleration of district court proceedings. It emphasized the federal government's "strong and distinctive interest in the protection of federal governmental functions and property within the Nation's capital," as well as the substantial disruption that would result from "the back-and-forth withdrawal and redeployment of guard members pending the completion of litigation." *Id.* at *2-3, 12. Those concerns are not limited to the preliminary injunction context; they apply with equal force to the question whether this Court should press forward with summary judgment briefing while the appeal is ongoing. Ultimately, the public interest does not favor rushing to re-litigate issues that the D.C. Circuit is actively reviewing and has already addressed in its stay. To the contrary, the public interest is best served by preserving the status quo, avoiding potentially inconsistent rulings, conserving judicial and party resources, and allowing the D.C. Circuit to provide guidance on the core legal questions that drive this case. A stay of further district court proceedings pending resolution of the appeal, therefore, promotes orderly adjudication and respects the parties' and the Court's time and resources precisely in the manner contemplated by *Landis*. *See* 299 U.S. at 254-55.

## II. In the Alternative, if the Court Does Not Enter a Stay, It Should First Resolve the Remaining Portions of Defendants' Motion to Dismiss.

If the Court is not inclined to enter a formal stay pending appeal, it should at minimum resolve the remaining portions of Defendants' motion to dismiss before setting a summary judgment briefing schedule. The Court expressly stated that it would resolve those claims separately, and nothing in its prior orders suggests that additional briefing is required to do so. Mem. Op. at 12, ECF No. 88

Plaintiff nonetheless argues that "summary judgment is the appropriate mechanism by which to resolve this case" because this Court has already denied Defendants' motion on some of the claims, *see* ECF No. 97 at 3, but, putting aside that the Court's reasoning on those points has been seriously undermined by the D.C. Circuit's stay opinion, the Court has not yet resolved Defendants' threshold arguments for the remaining claims, and this Court has already indicated that it will issue a decision on those portions of Defendants' motion to dismiss that are still pending. Mem. Op. at 11-12, ECF No. 88. And while Plaintiff notes that several of its claims are brought under the APA, ECF No. 97 at 3, that does not undermine the need for this Court to resolve Defendants' motion to dismiss before proceeding to summary judgment. To take just one example, the principal remaining claim that this Court did not address in its preliminary injunction opinion (and that is thus not currently before the D.C. Circuit) is Plaintiff's PCA claim. *See* Mem. Op. at 11-12, ECF No. 88. But before this Court can even arrive at the question of whether the Guard members are executing the laws for PCA purposes, it must resolve at least three threshold issues: (1) whether Plaintiff may civilly enforce the PCA, a criminal statute, against the federal government; (2) whether the PCA applies to the Title 32 deployments at issue here; and (3) whether, if the PCA does apply, an act of Congress expressly authorizes the Guard to execute the laws in the District. *See* ECF No. 35-1 at 26-28. These are purely legal issues that should be resolved in the context of Defendants' still pending motion to dismiss. Indeed, this Court has already held

7

that it will "waive Local Civil Rule 7(n) pending the resolution of any appeal of this opinion and order," ECF No. 88 at 13 n.8; *see also* Order at 2, ECF No. 89, thus determining that it does not need an Administrative Record to resolve these purely legal issues.

If the Court dismisses some or all of the pending claims in Defendants' motion to dismiss, summary judgment briefing may be narrowed or rendered unnecessary altogether. Proceeding to summary judgment before resolving those threshold issues would risk needless merits litigation on claims that may not survive dismissal and would depart from the sequencing the Court has already indicated. *See* ECF No. 88.

Plaintiff relies on a series of cases to argue that proceeding directly to summary judgment is routine and appropriate, but those decisions are inapposite. *See* ECF No. 97 at 3-4. First, cases such as *Cumberland Pharmaceuticals Inc. v. FDA* and *Board of Commissioners of Cherokee County v. Jewel* involved APA review on an administrative record with no pending appeal and no unresolved motion to dismiss. *See, e.g.*, 981 F. Supp. 2d 38, 41 (D.D.C. 2013); 956 F. Supp. 2d at 119 (D.D.C. 2013). By contrast, this case is on appeal before the D.C. Circuit with a stay in place and central legal questions actively under appellate review. *See D.C. v. Trump*, 2025 WL 3673674, at *1-3. Plaintiff's remaining authorities likewise do not support this Court proceeding immediately to a summary judgment briefing schedule on "all claims" in this case. *See* ECF No. 97 at 4. In *Planned Parenthood of Greater New York v. HHS*, the court proceeded to summary judgment only after *denying* preliminary relief and in the absence of any appellate stay, emphasizing that plaintiffs had "twice failed to obtain relief from these requirements in a preliminary posture." No. 25-cv-2453, 2025 WL 2840318, at *1 (D.D.C. Oct. 7, 2025). Similarly, *O.A. v. Trump* proceeded on consolidated cross-motions for summary judgment despite a pending appeal of a preliminary injunction in separate litigation and with no appeal pending in that case that risked inconsistent rulings. *See* 404 F. Supp. 3d 109 (D.D.C. 2019) (Moss, J.). And with respect to the out-of-district cases Plaintiff

8

cites, such as *Washington v. Department of Education*, those cases proceeded to merits resolution only after the courts denied stays or otherwise confirmed that no operative appellate order constrained further district-court litigation. No. 25-cv-1228, 2025 WL 3690779 (W.D. Wash. Dec. 19, 2025). The circumstances in this case can be differentiated in that the D.C. Circuit has already stayed injunctive relief and is actively considering the same core legal questions that Plaintiff now seeks to relitigate on a summary judgment briefing schedule. *See D.C. v. Trump*, 2025 WL 3673674, at *1-3; see also ECF No. 97 at 1.

### III. If the Court Nonetheless Sets a Summary Judgment Schedule, It Should Limit Unnecessary Burdens.

If the Court nevertheless sets a summary judgment briefing schedule, it should do so in a manner that minimizes unnecessary burdens.

*First*, the Court should not require Defendants to file an Answer. Plaintiff's motion for a summary judgment briefing schedule contemplates proceeding directly to summary judgment without an Answer, so Plaintiff has expressly consented to waiving that requirement. *See* ECF No. 97 at 5 n.2.

*Second*, no further discovery should be permitted. Plaintiff's motion for a summary judgment briefing schedule states that "additional discovery is not needed." ECF No. 97 at 4. Again, Plaintiff has expressly consented to waiving any further discovery.

*Third*, in lieu of requiring certification of an administrative record, the parties should be permitted to rely on materials already produced in discovery so long as those materials predate any particular decisions being challenged under the APA. As Plaintiff noted when they first sought discovery, "[t]here is no traditional 'administrative record' with particular or expected documents supporting the rationale for the final agency action" such that "only discovery will permit the Court to fully 'evaluate the reasonableness and lawfulness of Defendants' actions." Pl.'s Mot. for Expedited Disc. at 9, ECF No. 4 (citation omitted). As noted above, Plaintiff has now represented

9

that "additional discovery is not needed." ECF No. 97 at 4. And in waiving the AR certification requirement, this Court noted that "the District does not oppose and instead stated that it views expedited discovery as an alternative to the production of the administrative record in this case." ECF No. 88 at 13 n.8; *see also* ECF No. 97 at 4. Requiring Defendants to list and certify documents as part of an administrative record would be both burdensome and pointless because Plaintiff has represented that there is no traditional administrative record to produce. With discovery serving as an appropriate alternative to an administrative record, Defendants have produced voluminous documents through discovery. And Plaintiff has now represented that it has all the discovery it needs.

*Finally*, this Court should not adopt the schedule proposed by Plaintiff without first providing the parties with an opportunity to negotiate a schedule in the event the Court grants Plaintiff's motion. By that time, circumstances may have changed such that an alternate schedule may be appropriate.

## CONCLUSION

For these reasons, the Court should stay district court proceedings pending resolution of the D.C. Circuit appeal and deny Plaintiff's motion for a summary judgment briefing schedule. In the alternative, the Court should first resolve the remaining portions of Defendants' motion to dismiss. And if the Court nevertheless sets a summary judgment schedule, it should limit unnecessary burdens by not requiring Defendants to file an Answer, engage in additional discovery, or certify the contents of an administrative record.

Dated:  January 16, 2026                                Respectfully submitted,

                                                          BRETT A. SHUMATE
                                                          Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOHN BAILEY
Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

/s/ Kian K. Azimpoor
KIAN KEVIN AZIMPOOR
U.S. Department of Justice
Trial Attorney
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Phone: 202-598-0860
Email: kian.k.azimpoor@usdoj.gov

*Attorneys for Defendants*