IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br><br>                       *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>                       *Defendants.* | Case No. 25-cv-3005 (JMC) |

**OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S MOTION TO PARTICIPATE AS *AMICI CURIAE* ON FURTHER PROCEEDINGS**

    Pursuant to Local Rule 7(o), The Oversight Project and its President Mike Howell (collectively "Oversight") respectfully seek leave file a brief as *amici curie* on further proceedings. A proposed order is attached to this motion.

    1.    The District Court "has broad discretion to allow amicus briefs when they provide 'unique information or perspective' that 'can help the [c]ourt beyond the help that the lawyers for the parties are able to provide.'" *Washington All. of Tech. Workers v. DHS*, 50 F.4th 164, 193 (D.C. Cir. 2022) (internal citations omitted). "It is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." *Hopi Tribe v. Trump*, No. 17-cv-2590 (TSC), 2019 WL 2494161, at *3 (D.D.C. Mar. 20, 2019) (cleaned up). This District has granted leave for *amicus* participation when the movant has "relevant expertise and a stated concern for the issues at stake in th[e] case." *D.C. v. Potomac Elec. Power Co.*, 826 F.Supp.2d 227, 237 (D.D.C. 2011).

    2.    The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress

1

for the purposes of congressional oversight as well as pursuing Oversight's policy objectives via litigation. By function, the Oversight Project is primarily engaged in disseminating information to the public. *See* Oversight Project, https://itsyourgov.org/ (last accessed Jan. 26, 2026). Oversight's journalistic work is published most frequently on X (f/k/a "Twitter") to provide information directly to the American people. *See* Oversight Project (@ItsYourGov), X, https://x.com/ItsYourGov (last accessed Jan. 26, 2026). Howell is also a news contributor for Blaze Media. *See* Mike Howell, Blaze Media, https://www.theblaze.com/u/mikehowell (last accessed Jan. 26, 2026).

3. Oversight intends to further the submissions made in their prior filing: (1) that the District of Columbia Attorney General lacks statutory authority to bring this Action; and (2) even if such statutory authority exists, Plaintiff lacks the Article III standing necessary to bring this Action, since the District of Columbia cannot sue for "sovereign injury" and cannot sue the federal government by virtue of its legal status as a Congressionally created subcomponent thereof. *See* ECF No. 53. The Oversight Project has contributed extensive legal scholarship and advocacy regarding the Constitutional and other legal issues surrounding D.C. Home Rule. The Oversight Project has also provided media commentary and analysis on the legal issues involving Home Rule and how the District's Home Rule authority undermines public safety. *See, e.g.*, Oversight Project (@ItsYourGov), X (Dec. 10, 2025, 3:42 PM), https://x.com/ItsYourGov/status/1998855826312933813?s=20; Oversight Project (@ItsYourGov), X (Aug. 5, 2025, 1:47 PM), https://x.com/ItsYourGov/status/1952788579861598237.

4. The Oversight Project has extensive experience, both in and out of federal courts, with issues related to policing and law enforcement. *See, e.g.*, *United States v. Jefferson County*, 3:24-cv-722 (BJB) (W.D. Ky.).

5. The Oversight Project (including in its former capacity as a part of the Heritage Foundation) frequently litigates in federal courts across the nation as both plaintiff and *amicus curiae* and its attorneys regularly appear on national media to provide explanation and commentary on complex legal topics. *See, e.g.*, Brief of Heritage Found. as Amicus Curiae, *United States v. Hunter Biden*, No. 23-cr-61(MN) (D Del. July 25, 2023) (ECF No. 13).

6. This District previously granted Oversight's *amici curae* motion in Plaintiff's separate challenge to the Administration's actions to reduce crime in the District. *See* Minute Order, *D.C. v. Donald J. Trump*, No. 25-cv-2678 (ACR) (D.D.C. Aug. 18, 2025).

7. This Court previously granted leave for Oversight to file a brief as *amici* in this action. *See* ECF No. 53. So too did the U.S. Court of Appeals for the D.C. Circuit. *See* Brief of Oversight Project & Mike Howell as Amici, *D.C. v. Donald J. Trump*, No. 25-5418 (D.C. Cir. Dec. 3, 2025) (Doc. No. 2148610). Oversight has consistently argued in *amici* briefing that Article III jurisdiction does not extend to this Action. In the D.C. Circuit's unanimous decision to stay this Court's preliminary relief pending appeal, two of the three-judge panel—Circuit Judges Rao and Katsas—opined that this position is likely correct, and further directed that "[i]n subsequent proceedings, this important jurisdictional question should be given further consideration." *D.C. v. Trump*, No. 25-5418, 2025 WL 3673674, at *13–*14 (D.C. Cir. Dec. 17, 2025) (Rao, J., concurring).

8. The Parties have not addressed this direction from the majority of the D.C. Circuit stay panel on how to proceed. Defendants take no position on this Motion but oppose any oral argument participation. Plaintiff opposes it based on a belief that an *amici* brief related to a procedural motion would be inappropriate. But far from any mere non-dispositive procedural motion, this filing cuts straight through to the directive of the majority of the D.C. Circuit stay

3

panel regarding this Article III Court's "independent obligation to verify [its] jurisdiction." *Id.* at *14. That obligation embodies substantive Constitutional law. In adopting the position that a motion involving this Court's power to conduct *any* further proceedings is merely "procedural," Plaintiff undermines Circuit Judges Rao and Katsas' instruction for this Court to more thoroughly consider and resolve the substantive Constitutional question of its Article III jurisdiction.

9.    WHEREFORE, for the foregoing reasons, Oversight prays that the Court grant the present Motion and enter an order allowing Oversight to file a brief regarding further proceedings.

Dated:    January 27, 2026            Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DISTRICT OF COLUMBIA

*Plaintiff,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

Case No. 25-cv-3005 (JMC)

## [PROPOSED] ORDER ON MOTION OF OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S MOTION TO PARTICIPATE AS *AMICI CURIAE* ON FURTHER PROCEEDINGS

Upon consideration of The Oversight Project and Mike Howell's Motion to Participate as Amici Curie on Further Proceedings, it is hereby ORDERED that the Motion is GRANTED and that movants be provided leave to file an *amici* brief on further proceedings.

Dated: _____

_____
The Honorable Jia M. Cobb
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br><br>       *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>       *Defendants.* | Case No. 25-cv-3005 (JMC) |

**OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S BRIEF AS *AMICI CURIAE* ON FURTHER PROCEEDINGS**

   This Court lacks Article III jurisdiction—and thus power—to adjudicate this matter. This lawsuit ends there; under binding precedent it must. Accordingly, this Court should deny Plaintiff's Motion for Summary Judgment Briefing (ECF Nos. 97, 101) and either grant Defendants' Motion to Stay (ECF No. 99), or enter an order directing the Parties to brief and argue the jurisdictional question of whether Article III confers standing on Plaintiff to challenge the deployment of National Guard troops in the District. If so ordered, this Court should permit Oversight to participate in the briefing and oral argument as *amici curiae*.

   In the D.C. Circuit's unanimous decision to stay this Court's preliminary injunction pending appeal, Circuit Judge Rao, joined by Circuit Judge Katsas, explained in detail that "[p]ermitting the District to sue the President and other federal officials based on a sovereign injury is unprecedented and likely at odds with the unique legal status of the District." *D.C. v. Trump*, No. 25-5418, 2025 WL 3673674, at *14 (D.C. Cir. Dec. 17, 2025) (Rao, J., concurring). According to the majority of this D.C. Circuit panel, "an additional reason the President and other federal officials are likely to succeed on the merits of their appeal" is that Plaintiffs "may lack

1

Article III standing to challenge the deployment of National Guard troops in the District." *Id.* at *13. The majority's directive on how this Court must proceed could not have been clearer: "In subsequent proceedings, this important jurisdictional question should be given further consideration." *Id.* at *14.

Plaintiff's filings failed to even acknowledge the D.C. Circuit stay panel majority's clear instruction to this Court. That Plaintiff would avoid any discussion or mere hint of this Court's "independent obligation to verify [its] jurisdiction" is not the least bit surprising. *Id.* For starters, the inquiry it warrants would likely result in a fatal blow to Plaintiff's ability to misuse Article III litigation to transmogrify what is but a congressionally created municipal corporation with no sovereign power into a *de facto* U.S. State. Moreover, if Oversight and the D.C. Circuit stay panel majority were just plain wrong, one would expect Plaintiff to put the matter straight in pursuit of its campaign towards Statehood. But it pointedly does not. Why? Because Plaintiff has no answer for an indisputable conclusion of law: D.C. has no standing to sue here.

To be sure, the Parties may elect to ignore the jurisdictional issue. But as the D.C. Circuit panel majority also made clear, this Court *may not*. *See id.* at *14 ("In their motion for a stay, the Defendants did not object to the District's standing. Article III courts, of course, have an independent obligation to verify their jurisdiction."). After all, it is hornbook law that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 519 (1868)). Whether a federal court has jurisdiction is a "'question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.'" *Id.* at 95 (quoting *Great Southern Fire*

2

*Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

A federal court may not proceed at all in an action it has no jurisdiction over. It is therefore well established that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Intern. Co. Ltd. v. Malaysia Intern Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see also Steel Co.*, 523 U.S. at 93–102; *Public Citizen v. U.S. District Court for the District of Columbia*, 486 F.3d 1342, 1346–48 (D.C. Cir. 2007). Yet that is *precisely* what Plaintiff seeks from this Court here. And that is impermissible in our Constitutional system of limited judicial powers.

As to the question of how to proceed, this Court has two options. First, it can stay the action as Defendants request. The jurisdictional question will then be raised before the D.C. Circuit where its resolution, Oversight submits, will be dispositive. Second, this Court can direct the Parties to brief and argue jurisdiction before it. If the Court opts for the second approach, it should permit Oversight to file briefing and present oral argument against jurisdiction as *amici curiae*.

*Amici* participation is favored where "adversarial presentation of the issues is assured by the participation of *amici curiae* . . . ." *United States v. Windsor*, 570 U.S. 744, 760 (2013). This applies with special force in the case of the Court assuring itself of core Article III jurisdiction. And for good reason—the Court *must* determine it has Article III jurisdiction in order to proceed. *See, e.g.*, *id.* at 755 ("All parties agree that the Court has jurisdiction to decide this case; and, with the case in that framework, the Court appointed Professor Vicki Jackson as *amicus curiae* to argue the position that the Court lacks jurisdiction to hear the dispute." (internal citation omitted)); *Nat'l Fed'n of Indep. Bus v. Sebelius*, 567 U.S. 519, 542–43 (2012) ("[B]ecause there is a

3

reasonable argument that the Anti–Injunction Act deprives us of jurisdiction to hear challenges to the individual mandate, but no party supports that proposition, we appointed an *amicus curiae* to advance it.").

Dated:   January 27, 2026                    Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email: samueledewey@sedchambers.com

4