IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DISTRICT OF COLUMBIA<br><br>       *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>       *Defendants.* | Case No. 25-cv-3005 (JMC) |

### OVERSIGHT PROJECT AND PRESIDENT MIKE HOWELL'S BRIEF AS *AMICI CURIAE* ON FURTHER PROCEEDINGS

This Court lacks Article III jurisdiction—and thus power—to adjudicate this matter. This lawsuit ends there; under binding precedent it must. Accordingly, this Court should deny Plaintiff's Motion for Summary Judgment Briefing (ECF Nos. 97, 101) and either grant Defendants' Motion to Stay (ECF No. 99), or enter an order directing the Parties to brief and argue the jurisdictional question of whether Article III confers standing on Plaintiff to challenge the deployment of National Guard troops in the District. If so ordered, this Court should permit Oversight to participate in the briefing and oral argument as *amici curiae*.

In the D.C. Circuit's unanimous decision to stay this Court's preliminary injunction pending appeal, Circuit Judge Rao, joined by Circuit Judge Katsas, explained in detail that "[p]ermitting the District to sue the President and other federal officials based on a sovereign injury is unprecedented and likely at odds with the unique legal status of the District." *D.C. v. Trump*, No. 25-5418, 2025 WL 3673674, at *14 (D.C. Cir. Dec. 17, 2025) (Rao, J., concurring). According to the majority of this D.C. Circuit panel, "an additional reason the President and other federal officials are likely to succeed on the merits of their appeal" is that Plaintiffs "may lack

1

Article III standing to challenge the deployment of National Guard troops in the District." *Id.* at *13. The majority's directive on how this Court must proceed could not have been clearer: "In subsequent proceedings, this important jurisdictional question should be given further consideration." *Id.* at *14.

Plaintiff's filings failed to even acknowledge the D.C. Circuit stay panel majority's clear instruction to this Court. That Plaintiff would avoid any discussion or mere hint of this Court's "independent obligation to verify [its] jurisdiction" is not the least bit surprising. *Id.* For starters, the inquiry it warrants would likely result in a fatal blow to Plaintiff's ability to misuse Article III litigation to transmogrify what is but a congressionally created municipal corporation with no sovereign power into a *de facto* U.S. State. Moreover, if Oversight and the D.C. Circuit stay panel majority were just plain wrong, one would expect Plaintiff to put the matter straight in pursuit of its campaign towards Statehood. But it pointedly does not. Why? Because Plaintiff has no answer for an indisputable conclusion of law: D.C. has no standing to sue here.

To be sure, the Parties may elect to ignore the jurisdictional issue. But as the D.C. Circuit panel majority also made clear, this Court *may not*. *See id.* at *14 ("In their motion for a stay, the Defendants did not object to the District's standing. Article III courts, of course, have an independent obligation to verify their jurisdiction."). After all, it is hornbook law that "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 519 (1868)). Whether a federal court has jurisdiction is a "'question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.'" *Id.* at 95 (quoting *Great Southern Fire*

*Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

A federal court may not proceed at all in an action it has no jurisdiction over. It is therefore well established that a "federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Intern. Co. Ltd. v. Malaysia Intern Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *see also Steel Co.*, 523 U.S. at 93–102; *Public Citizen v. U.S. District Court for the District of Columbia*, 486 F.3d 1342, 1346–48 (D.C. Cir. 2007). Yet that is *precisely* what Plaintiff seeks from this Court here. And that is impermissible in our Constitutional system of limited judicial powers.

As to the question of how to proceed, this Court has two options. First, it can stay the action as Defendants request. The jurisdictional question will then be raised before the D.C. Circuit where its resolution, Oversight submits, will be dispositive. Second, this Court can direct the Parties to brief and argue jurisdiction before it. If the Court opts for the second approach, it should permit Oversight to file briefing and present oral argument against jurisdiction as *amici curiae*.

*Amici* participation is favored where "adversarial presentation of the issues is assured by the participation of *amici curiae* . . . ." *United States v. Windsor*, 570 U.S. 744, 760 (2013). This applies with special force in the case of the Court assuring itself of core Article III jurisdiction. And for good reason—the Court *must* determine it has Article III jurisdiction in order to proceed. *See, e.g., id.* at 755 ("All parties agree that the Court has jurisdiction to decide this case; and, with the case in that framework, the Court appointed Professor Vicki Jackson as *amicus curiae* to argue the position that the Court lacks jurisdiction to hear the dispute." (internal citation omitted)); *Nat'l Fed'n of Indep. Bus v. Sebelius*, 567 U.S. 519, 542–43 (2012) ("[B]ecause there is a

reasonable argument that the Anti–Injunction Act deprives us of jurisdiction to hear challenges to the individual mandate, but no party supports that proposition, we appointed an *amicus curiae* to advance it.").

|  |  |
|---|---|
| Dated: January 27, 2026 | Respectfully submitted,<br><br>/s/ Samuel Everett Dewey<br>SAMUEL EVERETT DEWEY<br>(No. 999979)<br>Chambers of Samuel Everett Dewey, LLC<br>Telephone: (703) 261-4194<br>Email: samueledewey@sedchambers.com |