UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA**, <br><br> Plaintiff, <br><br> v. <br><br> **DONALD J. TRUMP**, *et al.*, <br><br> Defendants. | Case No.: 1:25-cv-03005 (JMC) |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO STAY
FURTHER DISTRICT COURT
PROCEEDINGS**

Plaintiff's most recent request asks this Court to "decide the entirety of this case now" by converting the parties' prior preliminary injunction briefing into summary judgment briefing, with the parties to file supplemental briefs. *See* Pl.'s Reply in Supp. of Mot. for Summ. J. Briefing Schedule & Opp'n to Defs.' Mot. to Stay Further Proceedings at 2, ECF No. 102. The D.C. Circuit, however, has already stayed this Court's preliminary injunction and will soon be opining on many of the core legal issues in this case. Meanwhile, this Court has yet to rule on numerous threshold legal issues raised in Defendants' motion to dismiss. Plaintiff's proposal would therefore require the parties and the Court to expend substantial resources either re-litigating issues before the D.C. Circuit or further litigating issues that are fully briefed but not yet resolved by this Court. Doing so would be wasteful.

The better course would be to stay further district court proceedings pending the D.C. Circuit's ultimate decision regarding this Court's preliminary injunction. That court has already expressed doubt about the viability of the claims that form the core of Plaintiff's case and has

expressly found that Plaintiff will not suffer prejudice from a stay pending appeal. *See District of Columbia v. Trump*, No. 25-5418, 2025 WL 3673674, at *2 (D.C. Cir. Dec. 17, 2025) ("*D.C. v. Trump*"). In the alternative, if the Court is not inclined to enter a stay of further proceedings at this time, it should first resolve the remaining portions of Defendants' motion to dismiss before considering summary judgment briefing. To the extent the Court nonetheless grants Plaintiff's motion, it should allow the parties to propose a briefing schedule, as Plaintiff proposes as an alternate form of relief. *See* ECF No. 102 at 9.[1]

## ARGUMENT

Plaintiff's opposition to Defendants' motion to stay further district court proceedings confirms that a stay is appropriate. As to the issues before the D.C. Circuit, Plaintiff does not dispute that the issues addressed by the stay panel are purely legal. Pl.'s Mot. for Summ. J. Briefing Schedule at 4, ECF No. 97; *D.C. v. Trump*, 2025 WL 3673674, at *1-3. Although the D.C. Circuit noted that the case was before it in a preliminary posture and would not bind the merits panel, *D.C. v. Trump*, 2025 WL 3673674, at *12, that decision nonetheless reflects a unanimous, carefully reasoned opinion resolving, for purposes of the stay, pure issues of law following adversarial briefing and extensive amicus participation. It is, at best, highly questionable whether this Court—as opposed to a court of appeals merits panel—even could issue a decision on those same issues that squarely contradicts the D.C. Circuit's decision, which is precisely what this Court would be required to do to grant summary judgment to Plaintiff on the claims currently on appeal. In any event, it makes little sense for this Court to plow ahead on those legal questions given both the D.C. Circuit's stay decision and the merits panel's forthcoming analysis, which will provide even more authoritative guidance. *See id.* at *1–3.

---

[1] Plaintiff complains that proceedings have been "delayed by nearly a month" due to, among other things, Defendants' "briefing their opposition and filing a cross-motion." ECF No. 102 at 8-9. There are, however, no current pending deadlines, so it is unclear what has been "delayed."

2

Relatedly, much of Plaintiff's position is premised on its own view of the merits by repeatedly characterizing the Guard deployment as unlawful. ECF No. 102 at 1. But that position has been largely rejected by the D.C. Circuit, which concluded for purposes of the stay that Defendants are likely to prevail on the merits in showing that the deployments are lawful under 32 U.S.C. § 502(f) and the D.C. Code. *See D.C. v. Trump*, 2025 WL 3673674, at *2. Further, Plaintiff's reliance on *Trump v. Illinois* is inapposite. *See* No. 25-A-00443, 2025 U.S. LEXIS 4766 (U.S. Dec. 23, 2025); *see also* ECF No. 102 at 3. That decision addressed an application for stay involving the President's federalization of the Illinois National Guard under 10 U.S.C. § 12406(3). *See Trump v. Illinois*, 2025 U.S. LEXIS 4766 at *296-297. That provision authorizes the President to federalize members of the Guard if he is "unable with the regular forces to execute the laws of the United States." 10 U.S.C. § 12406(3). The Supreme Court concluded "that the term 'regular forces' in § 12406(3) likely refers to the regular forces of the United States military," such that the President may not deploy the Guard unless he is unable with the standing military to execute the laws. *See Trump*, 2025 U.S. LEXIS 4766 at *296. That analysis is entirely irrelevant here; the Government does not rely on Section 12406 and the deployed out of state Guard members have not been federalized. Invoking *Trump v. Illinois*, therefore, provides no basis for disregarding the D.C. Circuit's analysis or for accelerating merits litigation in this Court while appellate review remains ongoing. *See id.*

Plaintiff's proposal is equally flawed regarding the claims not currently on appeal. Defendants' motion to dismiss remains pending in part, and the unresolved claims—most notably the Posse Comitatus Act ("PCA") claim—present multiple threshold defects that this Court has not yet addressed. *See* Mem. Op. at 11–12, ECF No. 88. To even reach the merits of the PCA claim, the Court would have to resolve all of these Rule 12 arguments in Plaintiff's favor: (1) whether Plaintiff may civilly enforce the PCA, a criminal statute, against the federal government;

3

(2) whether the PCA applies to Title 32 deployments at all; (3) whether the D.C. Code provisions Defendants rely on expressly authorize the conduct at issue; and (4) whether the Complaint plausibly alleges willful conduct. *See* Defs.' Mem. in Opp'n to Prelim. Inj. & in Supp. of Mot. to Dismiss at 26-28, ECF No. 35-1. These are all purely legal issues that belong at the motion to dismiss stage and should be resolved before any merits adjudication. In this regard, Plaintiff's assertion that resolving the motion to dismiss is a "departure from the norm in APA cases," ECF No. 102 at 6, is inapposite—APA cases that require an administrative record are resolved on summary judgment, but Defendants' arguments are purely legal and require no such record, as this Court has already held. ECF No. 88 at 13 n.8; Order at 2, ECF No. 89. Proceeding directly to summary judgment would risk needless merits litigation on claims that may not survive dismissal and would depart from the sequencing the Court has already indicated.[2]

## CONCLUSION

For the foregoing reasons, the Court should stay district court proceedings pending resolution of the appeal before the D.C. Circuit. In the alternative, if the Court is not inclined to enter a stay of further proceedings at this time, it should first resolve the remaining portions of Defendants' motion to dismiss before considering summary judgment briefing.

Dated: January 28, 2026                          Respectfully submitted,

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General

---

[2] To the extent this Court nonetheless adopts Plaintiff's proposal, it should limit any further proceedings to supplemental briefs, on a schedule to be proposed by the parties, as Plaintiff suggests. Defendants agree there is no need for an Answer, a certification of an AR, or any additional discovery.

4

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOHN BAILEY
Counsel to the Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

*/s/ Kian K. Azimpoor*
KIAN K. AZIMPOOR
U.S. Department of Justice
Trial Attorney
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Phone: 202-598-0860
Email: kian.k.azimpoor@usdoj.gov

*Attorneys for Defendants*